EVERETT *et al. v.* JENNINGS *et al.*

BECK, J. 1. The striking of the amendment to the plea and answer is not ground for new trial. In so far as the amendment attempted to set forth the evidence upon which the defendants relied, it contained matter which does not find a proper place in the pleadings; and in so far as it contained allegations material to the defense, evidence to sustain them was admissible under the issues raised by the original answer to the petition, the defendants being allowed to introduce evidence sustaining the defense set up in the amendment; and the issues thus made having been submitted to the jury in the court's charge, the striking of the amendment was not harmful to the plaintiffs in error.

2. The requests to charge, in so far as they were legal and pertinent, were sufficiently covered by the general charge.

3. Complaint is made of the following charge of the court: "Where a majority of the members of a congregational church adhere to the organization and doctrines of the church, the majority has the right to control; but should the majority of the members composing the membership of such church of a congregational form of government, that is to say, governed by action of its members, abandon its organization and doctrines, then those adhering to its organization and doctrines would constitute the church. In a church of a congregational form of government, a majority of those adhering to its organization and doctrines represent the church and have the right to manage its affairs and to control its property for the use and benefit of such church; and when such majority acts within the scope of their authority in matters appertaining to the affairs of the church, such act would be binding upon the part of the majority." This charge is excepted to on the grounds, that it is confusing as a whole, and especially so in so far as it attempts to charge the law applicable to defendants' contention in the case; that it does not attempt to give rules by which the jury may determine whether the majority have abandoned the doctrines of the church; and that it is too narrow in its scope. None of these exceptions point out any error in this charge authorizing the grant of a new trial.

4. Complaint is made of the following portion of the court's charge: "The court charges you that an arbitrary expulsion of the majority of the members of a church by a minority without notice or trial or allowing such majority opportunity to appear and be heard would be a void act." This charge is not objectionable on the ground that it intimates an opinion as to what has been proved, or that it is argumentative, or that it unduly stresses the opinion of the court on the subject as to how certain members of this church were expelled by the defendants, or that it instructs the jury that the expulsion of the majority by the minority was illegal and unauthorized.

5. The following excerpt from the charge is also complained of: "The court further charges you, that where a church is sovereign in its character or government, having the exclusive right and power to manage and settle its own internal affairs, and where it is not subservient to some higher church authority to settle disputes arising among the members, then the act or conduct of some other church or churches which may assume to voluntarily act in such matter of dispute would have no binding effect in the assumption to settle such disputes, but such act by such church or churches, unless clothed with authority to act in such matter, would be null and void." This charge was not objectionable on the ground that it contained an intimation of an opinion of the court upon any issue of fact in the case.

6. Complaint is made of the following charge: "The court charges you furthermore, that where there has been a dissension in a church and where some other church acts or attempts to act in the matter for the purpose of settling such dispute, that the party who claims the advantage of such act or settlement assumes the burden of showing the authority to act in such matter by some other church. It would be incumbent upon the party who claimed such benefit to show that the church or churches had jurisdiction or authority to act in such mat-

ter; and unless such authority be shown, then the party claiming it could not rightfully claim any benefit from such act." This charge was not objectionable on the ground that it was in effect an instruction to the jury to disregard the findings of the council of the churches "on the issue as to which faction constituted the Chickassawhatchee Primitive Baptist church in order, and in effect left the decision of the whole matter to the decision of a majority of that church to decide upon questions of faith, customs, doctrines," etc. Nor did it contain an intimation of opinion which amounted to direct instruction to the jury as to the weight they should give to the findings of a council of the churches.

7. The court charged the jury as follows: "Should you find for the plaintiffs, the form of your verdict would be, 'we, the jury, find for the plaintiffs, and we further find and decree that the defendants be enjoined and restrained as prayed for in the petition.'" The instruction here complained of was not objectionable on the ground that it authorized the finding of a "verdict for a mandatory injunction, requiring the defendants to deliver up the books and records now in their possession."

8. The charge as a whole fairly submitted the contentions of the parties to the jury, and the evidence supported the verdict.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*

DECEMBER 15, 1911.

Equitable petition. Before Judge Worrill. Terrell superior court. September 17, 1910.

*M. J. Yeomans* and *W. H. Gurr,* for plaintiffs in error.
*M. C. Edwards* and *H. A. Wilkinson,* contra.