### TUCKER *et al. v.* PAULK *et al.*

GEORGE, J. 1. In a church of a congregational form of government, "the majority of those who adhere to its organization and doctrines represent the church. The withdrawal by one part of a congregation from the original body . . is a relinquishment of all rights in the church abandoned." Civil Code, § 2833; *Bates* v. *Houston,* 66 *Ga.* 198, 201; Bouldin *v.* Alexander, 15 Wall. 131 (21 L. ed. 69). Such majority have the right to manage the affairs and to control the property of the church for the use and benefit of the church. *Everett* v. *Jennings,* 137 *Ga.* 253 (3), 254 (73 S. E. 375).

(*a*) If the majority of the church depart from its organization and doctrines, they do not represent the church, and such majority can not

divest the church property from the trust to which it has been devoted. Civil Code, § 2835.

2. Civil courts have no jurisdiction to enquire into and to control the acts of the governing authorities of a religious organization with reference to its internal affairs. In respect to these, the jurisdiction of the church tribunal is exclusive and its decision conclusive, unless the governing authorities attempt to divert the church property from the trust. *Mack* v. *Kime*, 129 *Ga.* 1, 18, 19 (58 S. E. 184, 24 L. R. A. (N. S.) 675); Watson *v.* Jones, 13 Wall. 679 (20 L. ed. 666).

3. Accordingly, where a majority of a Primitive Baptist church brought a petition to enjoin a minority of the church from taking possession of and from interfering with the church property, contrary to the will of the majority, upon the ground that the minority had voluntarily withdrawn from and had been legally expelled from the church, and where the judge of the superior court, in the rightful exercise of his discretion on the evidence submitted at the interlocutory hearing, found as matter of fact and law that the majority had not departed from the organization and doctrine of the church, and therefore represented the church, and were entitled to the relief prayed, and further found, in the rightful exercise of his discretion, that such of the minority as had not vountarily withdrawn and as had not been legally expelled from the church were still members in good standing, it was erroneous, on the prayers of such minority set forth in a cross-petition, to enjoin the minister regularly called by the majority from preaching in the church house and from presiding over the conferences of the church, and it was also erroneous to enjoin the majority from permitting and allowing him to do so. The judge having found that the majority represented the church, it was beyond the power and jurisdiction of the court to inquire into, pass upon, and control the decision of the majority respecting the moral and legal qualifications of the minister. The judgment granting the injunction on the prayers of the minority must therefore be

*Reversed. All the Justices concur.*

No. 674.    July 9, 1918.

Injunction.   Before Judge Eve.   Irwin superior court. September 12, 1917.

*Quincey & Rice,* for plaintiffs in error.

*Homer E. Oxford* and *Eldridge Cutts,* contra.