## GIBSON *v.* SINGLETON.

HILL, J. 1. A court of equity will not interfere with the internal affairs of a religious organization, when no property rights are involved; for the reason that civil courts have no jurisdiction of such matters and cannot take jurisdiction of them, whether they have been adjudicated by the ecclesiastical courts or not. *Tucker* v. *Paulk,* 148 *Ga.* 228 (96 S. E. 339); Watson *v.* Garvin, 54 Mo. 353 (2); *Mack* v. *Kime,* 129 *Ga.* 1 (58 S. E. 184, 24 L. R. A. (N. S.) 675). See Watson *v.* Jones, 13 Wall. (U. S.) 679, 727, 733 (20 L. ed. 666).

2. Consequently, where an equitable petition was filed against the pastor of an incorporated church (Bethel African M. E. Tabernacle), to enjoin him from holding an election for trustees for such church, and from prescribing as a condition precedent that each member of the church, before casting his vote for such trustees, should pay into the treasury of the church the sum of one dollar, the trial court did not err in sustaining a demurrer to such petition. This is so, notwithstanding the discipline of the church provides that "every member of the church, twenty-one years of age, and in full communion, .shall have the right to vote for the nominees, and, if present at the meeting, shall cast his ballot for those. of his choice;" and notwithstanding the allegation of the petition that· if the pastor is allowed to enforce the conditions he has openly and expressly announced, with reference to the prepayment of the dollar before voting, he will effectually prevent from voting and disqualify a large number of the members of the church, who, from poverty or otherwise, fail to pay the sum of one dollar. Nor would the civil courts have jurisdiction of such case where it is alleged that the enforcement of such announcement of the pastor would result in an illegal and fraudulent election, and be violative of the rules of the church, and permit the pastor to enforce his own arbitrary will upon the members of the church for his own private and personal purposes.

2. Whatever rights petitioner has in such case are subject to regulation by the church.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*

No. 1314. NOVEMBER 14, 1919.

Equitable petition. Before Judge Ellis. Fulton superior court. January 30, 1919.

*C. D. Maddox, S. A. Massell,* and *J. O. Wood,* for plaintiff.

*Hewlett & Dennis,* for defendant.