HALL *et al. v.* HENRY *et al.*

GILBERT, J.  1.  "A court of equity will not interfere with the internal affairs of a religious organization, when no property rights are involved; for the reason that civil courts have no jurisdiction of such matters and can not take jurisdiction of them, whether they have been adjudicated by the ecclesiastical courts or not. *Tucker* v. *Paulk,* 148 *Ga.* 228 (96 S. E. 339); Watson *v.* Garvin, 54 Mo. 353 (2); *Mack* v. *Kime,* 129 *Ga.* 1 (58 S. E. 184, 24 L. R. A. (N. S.) 675). See Watson *v.* Jones, 13 Wall. (U. S.) 679, 727, 733 (20 L. ed. 666)." *Gibson* v. *Singleton,* 149 *Ga.* 502 (101 S. E. 178).

2. The evidence for the plaintiff showed that the church property, for the control of which both factions of the church were contending in the suit, was paid for by the church with funds contributed in the usual way by its membership. The deed of conveyance was made to the same persons who were named as obligees in the bond for title, without objection on the part of any of the members of the church. The only property right in issue is as to which of the two factions of the church should have possession and control of the property, which was purchased and devoted to the use of such church for religious purposes generally, and not devoted in trust, created by the deed conveying the property to the church, to a "specific doctrine or purpose," as contemplated in the Civil Code (1910), § 2835. It appears from the evidence of the plaintiffs that the defendants constitute a majority. Therefore, the court did not err in awarding a nonsuit.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., dissenting.*

No. 4310.  OCTOBER 15, 1924.

Equitable petition. Before Judge Wright. Floyd superior court. January 29, 1924.

*Murray & McCalla* and *R. M. W. Glenn,* for plaintiffs.
*Willingham, Wright & Covington,* for defendants.