McCLUSKEY *et al.* v. RAKESTRAW *et al.*

No. 6331.   SEPTEMBER 26, 1928.

*Pemberton Cooley* and *E. G. Cooley,* for plaintiffs in error.

*G. W. Westmoreland* and *James W. Arnold,* contra.

BECK, P. J. (After stating the foregoing facts.) After having heard the demurrer and the evidence in support of the allegations in the pleadings of the parties, the court overruled the de-

murrer, and on the same day, October 31, 1927, rendered the following judgment: "'A court of equity will not interfere with the internal affairs of a religious organization when no property rights are involved.' *Gibson* v. *Singleton,* 149 *Ga.* 502 (101 S. E. 178). But where property rights are involved, civil courts have jurisdiction. *Bates* v. *Houston,* 66 *Ga.* 198; *Tucker* v. *Paulk,* 148 *Ga.* 228 (96 S. E. 339). This suit is a controversy between two factions or church organizations, as to which one has the apparent right to control the church property of the Poplar Springs Baptist Church; and the internal affairs of this church, if germane at all, are only incidental in determining whether the Rakestraw faction or crowd are in the majority and are the regular church and therefore entitled to the control of the church property, or whether the McCluskey faction or crowd are the regular church and in the majority and entitled to. the control of the church property. This is a congregational church in which a majority of the members have the right to control the internal affairs of the church, if they are permitted to have a free expression of their voice in the matter. After reading carefully twice all the evidence in this case, the court finds, for the purpose of this temporary injunction, as pertains to said church property, that the Rakestraw crowd are in the majority, and that they are the regular or old Poplar Springs Baptist Church; that the McCluskey faction or crowd have no deacons qualified to act as such; and that so far they have been unable to get the assistance of any other church to assist in ordaining them, though they have evidently had plenty of time. According to the deeds introduced, the property was deeded to the deacons as trustees, and their successors, for Poplar Springs Baptist Church. It seems for many years this church has been a member of the Northwestern Association of Georgia, and so far as the Rakestraw faction are still members, both factions of this church sent their messengers to this old association, and the Rakestraw faction or church were seated; and the McCluskey messengers were refused recognition as not being of the regular church. The McCluskey faction then joined the Jurrel Baptist Association, which, according to the evidence before the court, they joined as a church, not having withdrawn from the Northwestern Association of Georgia. The court, for the purpose of this temporary injunction touching the right to control Poplar Springs

Baptist Church property, finds that the Rakestraw crowd are the regular church, and until the further order of this court are entitled to the possession and control of the church house or property, and that the defendants are enjoined and restrained from interfering with the same till the further order of this court."

■ Upon consideration of the allegations in the petition, the demurrers thereto, and the evidence submitted to support the allegations, this court is of the opinion that the court did not err in overruling the demurrer to the petition, which in various forms raised the question as to the court's jurisdiction in the case and its right to administer the relief prayed. We think the court did have jurisdiction, as that court held and stated in the opening paragraph of the opinion quoted above. Property rights were the basis of the plaintiffs' cause. The court's injunction as granted deals with property rights. Matters which were strictly for an ecclesiastical court and the internal affairs of the religious body in question were incidentally involved in this case, and did not form the basis of the petitioners' case. Certain ecclesiastical questions were necessarily for determination; such questions as whether or not plaintiffs Rakestraw and Smith were the regularly constituted and ordained deacons had to be investigated in order to determine who had the right to possession and control of the church property. And the court properly took this view of it.

If certain prayers, such as the prayer that the defendants "be required to unlock the doors of the church and deliver the church building to the petitioners for the purpose of worshiping," etc., were prayers for injunction in the nature of a mandatory injunction, the judgment of the court below will not be reversed because this was not stricken; for in the order granted there is no feature of a mandatory injunction. While this particular prayer last referred to was not stricken from the petition, the court did not heed it, but granted an injunction which in effect merely restrained the defendants from interfering with the plaintiffs Rakestraw and Smith in the control of the church as deacons thereof.

■ Nor did the court err in granting the interlocutory injunction set forth in terms in the court's judgment and order. Considering all of the evidence in the case, the court below was authorized to find that D. L. Rakestraw and Columbus Smith were the regularly ordained deacons of the Poplar Springs Baptist

Church, and that they were the legally constituted authorities and executive officers of the church, according to the practice of church government of that denomination; that these two named petitioners had been elected deacons and ordained as such, and, until a few months before this suit was instituted, had peaceable possession of the church building wherein the congregation of the Poplar Springs Baptist Church worshiped. These facts are testified to by a large number of witnesses, and it is unnecessary to set out their affidavits here. The practices of the church and the rules and customs governing in such instances are set forth at length, and there is evidence to show compliance on the part of the plaintiffs with the rules, formulas, customs, and practices of long standing in the church, and also the rules and customs of the Baptist Association of which this church was a member. It is true the defendants introduced other affidavits contradicting these affidavits; but the trial court in the exercise of its discretion could credit the testimony by affidavits of the plaintiffs, and the court's findings and rulings thereon will not be disturbed.

None of the other exceptions which were properly made show error in the order and judgment of the trial court.

*Judgment affirmed. All the Justices concur.*