STEWART *et al. v.* JARRIEL *et al.*

HAWKINS, Justice. 1. There being no allegation to the contrary in the petition in this case, it will be assumed that the Primitive Baptist Church therein referred to is one with a congregational form of government (*Tucker* v. *Paulk,* 148 *Ga.* 228, 96 S. E. 339), and that the church itself, by and through a majority of its members, is the highest tribunal with jurisdiction to pass upon and determine all differences between its members upon questions of doctrine, discipline, ecclesiastical law, rule, custom, church government, faith and practice of the church. *Mack* v. *Kime,* 129 *Ga.* 1, 18 (58 S. E. 184).

2. All questions relating to the faith and practice of the church and of its members belong to the church judicatories, to which the members have voluntarily subjected themselves, since, when a person becomes a member of a church, he does so upon the condition of submission to its ecclesiastical jurisdiction, and however much he may be dissatisfied with the exercise of that jurisdiction, he has no right to invoke the supervisory power of a civil court so long as none of his civil rights are involved. So long as a professed creed is not subversive of the peace and good order of society, it is not within the province of any department of the government to settle differences in creeds or determine what ought or ought not to be a fundamental of religious belief. 45 Am. Jur. 748, § 40.

3. Where a church is sovereign in its character or government, with the exclusive right and power to manage and settle its own internal affairs, and is not subservient to some higher church authority to settle dis-

putes arising among the members, the act of some other church or association of churches, which may assume to act voluntarily in such matter of dispute, would have no binding effect to settle such dispute, but such act by such church or association of churches, unless clothed with authority to act in such matter, would be null and void. *Everett* v. *Jennings*, 137 *Ga.* 253, 254 (5) (73 S. E. 375).

4. Where there has been a dissension in a church, and where some other church or association of churches attempts to act in the matter for the purpose of settling such dispute, the party who claims the advantage of such act is chargeable with the burden of showing the authority of such other church or association of churches to act in such matter. *Everett* v. *Jennings*, 137 *Ga.* 253, 254 (6) (73 S. E. 375).

5. An expelled member of a church has no interest in the church property, and excommunicated members whose names have been expunged from the church membership roll by the valid action of the church cannot stand for and represent members of the church in an action to prevent the diversion of church property from its lawful uses. 45 Am. Jur. 734, § 18.

6. Where, as in this case, the validity of the expulsion of the plaintiffs as members of the church, and their claim of rights in the church properties, grow out of a controversy relating to the faith, teaching, doctrine, and discipline of the church, the judgment of the church with a congregational form of government with respect thereto is conclusive upon the civil courts, whether, in the opinion of the judges of such courts, the decision appears to be right or wrong, for courts of equity will not interfere with the internal affairs of a religious organization involving questions of faith, practice, doctrine, discipline, ecclesiastical law, rule, custom, or church government. *Mack* v. *Kime*, 129 *Ga.* 1, 18 supra; *Tucker* v. *Paulk*, 148 *Ga.* 228 (96 S. E. 339); *Gibson* v. *Singleton*, 149 *Ga.* 502 (101 S. E. 178); *McCluskey* v. *Rakestraw*, 164 *Ga.* 30 (137 S. E. 394); *Hall* v. *Henry*, 159 *Ga.* 80 (124 S. E. 883); *Knowles* v. *White*, 199 *Ga.* 772 (35 S. E. 2d, 451); 45 Am. Jur. 748, §§ 40-44.

7. Where, as in this case, two persons, alleging themselves to be members of a Primitive Baptist Church, brought an action to enjoin a greater number of the members of the church from preventing their use of the church property, alleging that the plaintiffs were illegally excluded from the church membership, and that a named association of churches had withdrawn fellowship from the church and had recognized and designated the plaintiffs as representatives of and as the church, but the petition failed to allege or show any authority on the part of such association of churches to adjudicate such question, and where the petition showed on its face that the exclusion of the plaintiffs was based upon an interpretation by the church of one of its articles of faith, and where the plaintiffs seek a declaratory judgment of the civil courts to interpret the particular article of faith involved, and to "interpret and determine who are the true and correct members of the" church, such petition failed to state a cause of action, and the trial court did not err in sustaining a general demurrer thereto.

*Judgment affirmed. All the Justices concur.*

No. 17077. MAY 8, 1950.

*W. Reeves Lewis, C. L. Cowart,* and *T. Ross Sharpe,* for plaintiffs.

*J. Ellis Pope* and *Jackson & Graham,* for defendants.