### SMITH *et al. v.* KELLY *et al.*

HEAD, Justice. 1. Courts are reluctant to interfere with the management of a church. When church property is devoted to a specific doctrine, the courts may prevent it from being diverted from such use. Code, § 22-408. In the present case a diversion from a specific doctrine is not alleged, nor is it alleged that the church property is being used for purposes contrary to the provisions in the deed to the original trustees.

2. The constitution and laws of the church organization are not pleaded or made a part of the petition; nor are facts alleged sufficient to enable a court of equity to determine which of the contending factions may have within its group the properly elected and qualified trustees as successors in trust of the church property. Jurisdiction to determine who are the duly constituted trustees of the church organization rests with the ecclesiastical forum of the organization, and not with a court of equity. *Knowles* v. *White,* 199 *Ga.* 772 (35 S. E. 2d, 451); *Stewart* v. *Jarriel,* 206 *Ga.* 855 (59 S. E. 2d, 368). The court properly sustained the general demurrer of the defendants.

*Judgment affirmed. All the Justices concur.*

No. 17492. SUBMITTED JUNE 11, 1951—DECIDED JULY 10, 1951.

*Elizabeth Brown* and *Maddox & Maddox,* for plaintiffs.
*Hicks & Culbert,* for defendants.