SAPP *et al. v.* CALLAWAY *et al.; et vice versa.*

Nos. 17767, 17768.  Submitted February 11, 1952—Decided March 11, 1952.

*Reeves Lewis, M. W. Eason* and *T. Ross Sharpe,* for plaintiffs.
*C. L. Cowart,* for defendants.

ALMAND, Justice. Headnotes 1-5, and 8 do not require any elaboration.

■ Where no civil or property rights are involved, civil courts will not review the acts of a majority of the members of a church having a congregational form of government in expelling members of the church at a regular conference of the church. Membership in such a church is not a property right. Where it does not appear that such church has adopted any fixed rules or regulations which require notice of charges to be given a member and opportunity to be heard before his expulsion, a civil court has no jurisdiction to review the act of expulsion where such member has been expelled by a majority vote of the members of the church at a regular conference, or to determine whether the steps leading up to the expulsion were legal or illegal. Mount Olive Primitive Baptist Church *v.* Patrick, 252 Ala. 672 (42 So. 2d, 617, 20 A. L. R. 2d, 417, ann. p. 421).

Special ground 7 of the motion for a new trial complains that the court erred in charging the jury as follows: "I charge you further, gentlemen of the jury, that when a person becomes a member of a church organization, of the character in question here, that such person can not be expelled or excluded from such church organization arbitrarily and without notice or trial without giving such person an opportunity to appear and be heard, and if you should find in this case that any person or persons have been expelled or excluded from said church arbitrarily and

without giving such person or persons notice or trial and without giving such person or persons an opportunity to appear and be heard, then, I charge you, that such expulsion and exclusion would be illegal and void." Though the charge here given in substance is the same as that which was given in *Everett* v. *Jennings*, 137 *Ga.* 253 (4) (73 S. E. 375), and held by this court not to be subject to the objection there made, an examination of the record in that case shows that the plaintiffs in the petition seeking to enjoin the defendants, who had been expelled from the church, from using the church property, alleged that the defendants had been expelled according to the rules and regulations of the church, and on the trial the plaintiffs had introduced in evidence a record of the decorum or rules of the church requiring the giving of notice and the trial of a member before he could be expelled. In the present case, there was no evidence that the church had ever adopted any fixed rules as to the method or manner by which a member could be excluded from membership. The charge approved in the *Everett* case was applicable to the pleadings and facts in that case, whereas the charge in the present case was authorized neither by the pleadings, nor the evidence, nor the law. In our opinion, the charge was subject to the objections of the defendant: that civil courts have no right to inquire into or determine the validity of the expulsion of a member from a church having a congregational form of government, and that a majority of the members of a church having such a form of government may make for the church its own rules and regulations as to expulsion of members, and where no civil or property rights are involved, the courts have no authority to review the act of expulsion. The majority of the courts of other jurisdictions apply the rule that civil courts will not review the expulsion of a church member on the ground that his expulsion was illegal because he had not received notice of any charge against him, or an opportunity to be heard. See comprehensive annotation on the expulsion of church members in 20 A. L. R. 2d, page 451.

■ Special ground 8 complains that the court erred in giving to the jury the following charge: "It is your duty to determine, from the evidence adduced to you, whether or not a labor union is an oath-bound secret society, contrary to the examples of Christ and the Apostles. . . If you do not find that a labor

union is an oath-bound secret society plainly contrary to the examples of Christ and the Apostles . . you should find against the plaintiffs in this case"; the assignment of error being that it was beyond the province of the court and jury to construe a tenet adopted by the church as to whether or not a labor union was an oath-bound secret society, in that such was a matter of faith and doctrine which the members of the church had the exclusive right to determine, and was not a question that a court or jury had the right to pass upon.

Special ground 9 assigns error on the following charge: "Now, gentlemen, the burden rests upon the plaintiffs in this case to satisfy you by a preponderance of the evidence: First, that a labor union is an oath-bound secret society. Second, that a labor union is an oath-bound secret society which is plainly contrary to the examples of Christ and the Apostles."

It appears from the minutes of the June, 1949, conference of the church, kept by both factions, that the Anderson Primitive Baptist Church had accepted and recognized as one of its articles of faith the doctrine and practice that the church "must stand aloof from . . all the worldly . . institutions, such as . . oath-bound secret societies, which are plainly contrary to the examples of Christ and His Apostles."

It also appears from the uncontradicted evidence that at this conference the members of the church voted 35 to 15 in favor of a motion for "the church to stand aloof from all oath-bound secret societies (including the Labor Union)." The church, acting through a majority of its members, settled this issue of doctrine and faith, viz., that a labor union was an oath-bound secret society. Whether good or bad, true or false, neither the court nor jury had a right to pass on the question of whether a labor union is an oath-bound secret society or not. Following the settled principles of the law, the courts of this State and of the United States have consistently adhered to the sound and salutary rule that civil courts have no power or authority to interfere in the internal affairs of a religious organization concerning doctrines, faith, or belief. *Stewart* v. *Jarriel*, 206 *Ga.* 855 (59 S. E. 2d, 368). The traditional American doctrine of freedom of religion and separation of church and state carries with it freedom of the church from having its doctrines or beliefs

defined, interpreted, or censored by civil courts. These rules and principles are stated in Watson v. Jones, 80 U. S. 679 (20 L. ed. 666), as follows: "In this country the full and free right to entertain any religious belief, to practice any religious principle, and to teach any religious doctrine which does not violate the laws of morality and property, and which does not infringe personal rights, is conceded to all. The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect. The right to organize voluntary religious associations to assist in the expression and dissemination of any religious doctrine, and to create tribunals for the decision of controverted questions of faith within the association, and for the ecclesiastical government of all the individual members, congregations, and officers within the general association, is unquestioned. All who unite themselves to such a body do so with an implied consent to this government, and are bound to submit to it. But it would be a vain consent and would lead to the total subversion of such religious bodies, if any one aggrieved by one of their decisions could appeal to the secular courts and have them reversed." Pp. 728-729.

The effect of these charges was to permit the jury to review and determine the correctness or incorrectness of the church's action on a question of religious belief and doctrine. The charges were clearly erroneous.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. All the Justices concur.*