34635. CROSBY *v.* LEE *et al.*

Decided July 15, 1953.

592

*Gibson & Maddox*, for plaintiff in error.

*Bennett, Pedrick & Bennett*, contra.

GARDNER, P. J. We have set forth somewhat in detail the allegations of the petition and have set forth verbatim the alleged libelous written document, which is the gist of the petition before us. We have also set forth somewhat in detail the general demurrers to the petition which the court sustained and dismissed the petition. The plaintiff relies on the decision of *Swafford* v. *Keaton*, 23 *Ga. App.* 238 (98 S. E. 122). We have studied that case carefully under its facts and compared it with the allegations of fact in the instant petition. It is our considered opinion that the decision in that case is no authority for the contention of the plaintiff that the court erred in overruling the demurrers in the instant case. The suit in that case was an action between individuals in a Primitive Baptist Church concerning a debt, whereas in the instant case the gist of the action is against the Association of Churches, the Alapaha River Primitive Baptist Association, for expelling a pastor and certain of his following on

a question of doctrine, discipline, ecclesiastical law, and rule or custom affecting such association of churches. As we see it, there is nothing in the allegations of the petition to show that any civil rights which the plaintiff is entitled to enjoy under the Constitution of this State were violated. There is no crime set forth and no statement of a violation of the plaintiff's rights by the church in any form or manner whatsoever. The use of the words "bastardy" and the like cannot in any sense be interpreted, under the whole petition, as having reference to any violation of our civil law. A similar interpretation is to be given to the expression, "and the innocent blood he has shed." This expression has no reference whatsoever to the actual shedding of blood. It is true that the plaintiff in his petition seeks to tie his cause of action into the law of the State, by suing individually and joining the Alapaha River Primitive Baptist Association with the individual in an effort to sustain his cause of action. Under our civil law it is but a misjoinder of causes of action and of parties. Be this as it may, there is nothing in the petition to show that any cause of action in favor of the plaintiff is set out. Our State Constitution provides in article I, section I, par. XII (Code, Ann., § 2-112), as follows: "All men have the natural and inalienable right to worship God, each according to the dictates of his own conscience, and no human authority should, in any case, control or interfere with such right of conscience."

Under the allegations of the petition, the communications shown are privileged and were made in the course of expulsion proceedings in connection with the plaintiff in his church affiliations with the Alapaha River Primitive Baptist Association. The courts in this State have consistently refused to interfere in any internal church affairs. This is not only true as to Primitive Baptist Church Associations, but it is also true with reference to all other denominations. See *Smith* v. *Kelly,* 208 *Ga.* 233 (65 S. E. 2d 795); *Edwards* v. *Thomas,* 204 *Ga.* 766 (51 S. E. 2d 855). In *Stewart* v. *Jarriel,* 206 *Ga.* 855 (59 S. E. 2d 368), the Supreme Court said: "All questions relating to the faith and practice of the church and of its members belongs to the church judicatories to which the members have voluntarily subjected themselves, since when a person becomes a member of a church, he does so upon the condition of submission to its ecclesiastical

jurisdiction and however much he may be dissatisfied with the exercise of that jurisdiction, he has no right to invoke the supervisory power of a civil court so long as none of his civil rights are involved. So long as a professed creed is not subversive of the peace and good order of society, it is not within the province of any department of the government to settle differences in creeds or determine what ought or ought not to be a fundamental of religious belief."

It is a matter of definite knowledge that the Primitive Baptist Church is a well-organized and prevalent church in many rural districts and communities in this State, and that it is a Baptist Church which has adhered throughout the years to the strict concepts of the Baptist Church as it was organized in America in colonial days. It is generally known that many Baptists came to America because of their inability to adhere to the doctrines of the Church of England, which was strictly a church of the state. Hence, the provisions in the Constitution of our State, which we have quoted above, and the provisions in the Constitution of the United States to the same effect, and hence, to the same effect, are such provisions in the Constitution of every State of the Union. It is also generally known that in colonial days when certain elements in the colonies faithful to the Church of England objected to the strictness of the Baptist Church in Boston, Massachusetts, the Baptists in order to relieve this strictness of their church views, under the leadership of Roger Williams, purchased a colony, Rhode Island, and settled in Providence. It is also generally known that from there these Primitive Baptists (sometimes known as Hardshells) settled along the coast in the Carolinas, Georgia, and Florida, largely in the rural and agricultural sections. Up to this day, these Primitive Baptists, whom we are now discussing, have maintained their original belief. We have given a brief history of the Primitive Baptist Church because it is essential in determining the substance of the letter and sermons which form the basis of this action. If our courts in a case such as the instant one should sustain the contention of the plaintiff, it would, to the writer's mind, strike a death blow to the type of religious worship as represented by the Primitive Baptist Church, and to all other types of religious worship as contemplated by the provisions of our Constitution which we have above quoted.

The court did not err in sustaining the general demurrers and in dismissing the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur specially.*

TOWNSEND, J., concurring specially. I concur in the judgment of affirmance, but do not agree that the plaintiff here was "suing individually and joining the Alpaha River Primitive Baptist Association with the individual in an effort to sustain his cause of action." The church association not being alleged to be an individual, partnership, or corporation, could not be a party defendant. *Barbour v. Albany Lodge, No. 24, F & A.M.*, 73 *Ga.* 474; *Knox v. Greenfield's Estate,* 7 *Ga. App.* 305 (66 S. E. 805). There are no allegations which charge the defendants with any of the acts alleged so as to make it appear that they were not acting as officers of the church in writing, agreeing to, or circularizing among the membership the letter of which complaint is made. The petition fails to set up the rules of church procedure followed by this group or to make it appear that the publication of the letter was not a proper, or even a mandatory, function of the defendants in their capacity as church officers, for which reason it is clear that no individual liability is alleged against the defendants, either for the commission of acts in an individual, rather than an official capacity (as was the case in *Swafford v. Keaton,* 23 *Ga. App.* 238, 98 S. E. 122), or for individual liability in exceeding the authority granted them by the church in the commission of such acts.

As stated in Watson *v.* Jones, 80 U. S. 679, 729 (20 L. ed. 666): "All who unite themselves with a religious body do so with an implied consent to this government and are bound to submit to it." The essence of independence of church groups is that they make their own decisions and for anyone dissatisfied to be able to appeal to courts would destroy freedom. Assuming, in the absence of allegations to the contrary, that the conduct alleged by the defendant church officers is a regular procedure of the church —the plaintiff, on joining that organization, submitted himself to its form of government and jurisdiction; and its acts, carried out by its duly authorized officers, would be privileged. This is certainly true where, as here, no property right is involved and no infraction of the civil law alleged.

I am authorized to say that Carlisle, J., joins in this special concurrence.