## 22251. CAMP et al. v. DURHAM et al.

MOBLEY, Justice. Styling themselves as members of the Mt. Zion Baptist Church, plaintiffs filed their petition alleging that defendants were expelled from church membership because they taught Sunday school, or advocated the teaching of Sunday school, with materials other than the Holy Bible, contrary to the rules of New Hope Baptist Association and of Mt. Zion Baptist Church and, that despite their expulsion from membership, defendants persisted in maintaining possession of the church buildings, grounds, and records, and in illegally barring and preventing plaintiffs from the use and possession thereof. The only prayers other than those for process and service were that defendants be temporarily and

permanently enjoined from interfering with plaintiffs in the aforesaid matters. Defendants demurred to and answered the petition. Before any further proceedings in the case, and by agreement of the parties and their counsel, the trial court passed an order appointing a special master to hold a church conference "for the purposes of transacting such business as may properly come before the church at said time, and especially for the purpose of seeking a reconciliation of the differences between the parties to this litigation." The order appointing the special master and authorizing and directing the church meeting provided that the voting at the meeting would be restricted to those present who were members of Mt. Zion Baptist Church according to the church rolls as of the beginning of the church conference on March 9, 1963. The selection of this date as determinative of the voting membership, which selection was consented to by the parties and their counsel, meant that the persons who were allegedly expelled from membership for the reasons stated above would be permitted to vote. Documentary evidence in the record shows that the church has a congregational form of government. The record of the special church meeting shows that a motion was made and seconded that, in essence, the church continue having Sunday school using materials other than the Holy Bible. This motion was carried by a vote of 90 for and 80 against. A motion was then made and seconded that, in essence, the persons who had taught Sunday school, and who had advocated the teaching of Sunday school, with materials other than the Holy Bible should remain members of the church. The motion was carried by a vote of 95 for and none against, the persons who opposed the motion refusing to vote on the ground that the members who were allegedly expelled from membership had no right to vote because of provisions of the Constitution and Gospel Order of Mt. Zion Church, a position which might have merit in the abstract but which was not maintainable because contrary to the stipulation and agreement of the parties and their counsel, as expressed in the order of the court, that the persons allegedly expelled would be permitted to vote. The record of the voting was returned to the trial judge who thereafter passed judgment dismissing the petition for want of jurisdiction on the ground that the internal dispute between the two factions of the church had been resolved and therefore there was no question

of property rights before the court to give the court jurisdiction. This judgment is assigned as error. *Held:*

The parties having stipulated and agreed to hold a church conference, at which certain persons would be permitted to vote, for the purpose of resolving the internal dispute between the two factions of the church membership as to church faith and doctrine, and thereafter having attended and participated in the said conference, at which the dispute as to faith and doctrine was settled by a majority vote of the congregation pursuant to the stipulation and agreement of the parties as expressed in an order of the court, the trial court correctly dismissed the suit for want of jurisdiction on the ground that the courts of this State take jurisdiction in cases of this sort solely for the purpose of giving effect to property rights, that the property rights of the parties were settled when the internal dispute as to faith and doctrine was settled, and that the judgment of the majority of the congregation as to faith and doctrine was not subject to review in the courts of this State. *Mack v. Kime,* 129 Ga. 1 (58 SE 184, 24 LRA (NS) 675); *Tucker v. Paulk,* 148 Ga. 228 (96 SE 339); *McCluskey v. Rakestraw,* 164 Ga. 30 (137 SE 349); *McCluskey v. Rakestraw,* 167 Ga. 199 (144 SE 761); *Sanders v. Edwards,* 199 Ga. 266 (34 SE2d 167); *Knowles v. White,* 199 Ga. 772 (35 SE2d 451); *Edwards v. Thomas,* 204 Ga. 766 (51 SE2d 855); *Chatfield v. Dennington,* 206 Ga. 762 (58 SE2d 842); *Smith v. Kelly,* 208 Ga. 233 (65 SE2d 795); *Sapp v. Callaway,* 208 Ga. 805 (69 SE2d 734); *Ballew v. Deal,* 209 Ga. 69 (70 SE2d 767); *Wood v. Pool,* 211 Ga. 789 (89 SE2d 192).

*Judgment affirmed. All the Justices concur.*

Submitted November 12, 1963—Decided January 10, 1964.

*Howe & Murphy,* for plaintiffs in error.
*Al D. Tull,* contra.