25656. MITCHELL et al. v. DICKEY et al.

Submitted February 9, 1970—Decided March 5, 1970.

*D. D. Veal,* for appellants.
*William A. Rice,* for appellees.

Grice, Justice. This appeal is from the denial of a motion to dismiss a complaint with reference to a church controversy. Litigation began when Rev. U. G. Dickey and four others filed in the Superior Court of Putnam County their complaint against Tinch Mitchell, Butler Banks, Terrell Dorsey and Jessie Burke.

The allegations, insofar as necessary to recite here, may be summarized as follows: that the defendants Mitchell, Banks and Dorsey in March 1969 created a disturbance during a church service; that the defendant Banks in May 1969, after a worship service, told the plaintiff Dickey not to return to the pulpit unless called by the Board of Deacons; that the defendants Banks and Dorsey and two other persons in June 1969 forced him to leave the church premises without conducting church services; that the "minority group mentioned above" on the first Sunday in July 1969 personally threatened his "physical well-being" if he continued to serve as pastor;

that the defendant Mitchell on September 7, 1969, ordered him to leave the church building when he entered to deliver his sermon; and that the defendant Burke, on the same occasion, warned him to stay away.

The complaint also alleged that during the foregoing period of time a specified number of members of the church on two occasions reaffirmed their desire that the plaintiff Dickey remain as their minister; and that they petitioned the Board of Deacons to hold an election to determine the issue of pastorship, but it has refused.

The complaint further alleged that on a named date, during this period, an unknown person or persons, without authority, changed the lock on the door of the church, thereby taking control and the right to the use of the church building from the majority of the congregation; that in response to such action, approximately three months later a majority of the members of the church, acting through one of the plaintiffs, caused the lock to be changed, giving notice that duplicate keys could be obtained upon request from a named deacon; that on a second occasion a person or persons unknown again changed the lock and did not provide duplicate keys for those who had previously held them; that thereupon the majority of the members again replaced the lock; that on a third occasion the lock was removed by an unknown person or persons; and that the lock was removed a fourth time, on this occasion by the defendant Mitchell, who was identified.

The prayers of the complaint included that the defendants be temporarily and permanently enjoined from further obstructing the use of the church premises for peaceful worship services by changing the lock on said church and failing to provide keys to the plaintiffs; from making further menacing threats and gestures of violence toward the plaintiffs on the property of the church; and from interfering with democratic process and the orderly administration of the affairs of the church.

Upon denial of the defendants' motion to dismiss the complaint for failure to state a claim, the trial judge certified the ruling for immediate review.

In our view the trial court properly denied the motion to dismiss the complaint.

1. At the outset of this review, we are mindful that with the advent of the adoption of the Civil Practice Act (Ga. L. 1966, p. 609; 1967, p. 226; *Code Ann. Title* 81A) a complaint is not required to set forth a cause of action, but need only set forth a claim for relief, and that a complaint is no longer to be construed most strongly against the pleader. *Code Ann.* § 81A-108 (a). Also, see in this connection, *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 551 (163 SE2d 885); *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89); *McKinnon v. Neugent,* 225 Ga. 215, 217 (167 SE2d 593); *Residential Developments, Inc. v. Mann,* 225 Ga. 393 (169 SE2d 305); *Chancey v. Hancock,* 225 Ga. 715 (171 SE2d 302). Furthermore, "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." 2A Moore, Federal Practice 1706, § 8.13.

2. Measured by the foregoing standards, the complaint's allegations were sufficient to withstand the motion to dismiss. They show that the plaintiffs claim to represent the majority of members of the church and that property rights are involved.

(a) The amendment to the complaint expressly alleging that the plaintiffs represent the majority of the members of the church was filed after the ruling complained of and hence cannot be considered. However, although the original complaint did not specifically so allege, it is obvious from all of the allegations taken together that the plaintiffs do purport to represent the majority.

The rule is that "In a church of a congregational form of government, a majority of those adhering to its organization and doctrines represent the church and have the right to manage its affairs and to control its property for the use and benefit of such church . . ." *Everett v. Jennings,* 137 Ga. 253 (3) (73 SE 375). It will be assumed that the Baptist Church

in controversy is one with a congregational form of government. *Bates v. Houston,* 66 Ga. 198, 201; *Stewart v. Jarriel,* 206 Ga. 855 (59 SE2d 368).

Thus, the plaintiffs are proper persons to bring this action.

(b) Although courts "will not interfere with the internal affairs of a religious organization when no property rights are involved" (*Gibson v. Singleton,* 149 Ga. 502 (1) (101 SE 178)), it is well established that where property rights are involved, civil courts have jurisdiction. *Bates v. Houston,* 66 Ga. 198, supra; *Mack v. Kime,* 129 Ga. 1, 18 (58 SE 184); *Sapp v. Callaway,* 208 Ga. 805 (69 SE2d 734).

While it appears there is disagreement here over whether the plaintiff Dickey should continue to serve as pastor, much more is involved. According to the complaint, the defendants, the minority group, have wrongfully and violently seized the church building, taking control and right to its use from the majority of the congregation. Thus, property rights are directly involved.

The allegations furnish sufficient grounds for equitable relief. See *Tucker v. Paulk,* 148 Ga. 228 (96 SE 339); *White v. Evans,* 181 Ga. 16 (181 SE 153); *Sanders v. Edwards,* 199 Ga. 266 (34 SE2d 167); *Sapp v. Callaway,* 208 Ga. 805 (2), supra.

*Judgment affirmed. All the Justices concur.*