27098. SOUTHEASTERN ADJUSTERS, INC. v. CALDWELL.

ARGUED MARCH 15, 1972—DECIDED APRIL 6, 1972.

*J. M. Grubbs, Jr., Adele Platt,* for appellant.
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Robert J. Castellani, David B. Poythress, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. This is a controversy over the production of documents and records relating to a complaint in the handling of an insurance matter.

The controversy became litigable when Southeastern Adjusters, Inc. filed in the Superior Court of Fulton County a complaint against Johnnie L. Caldwell, Comptroller General and the Insurance Commissioner of the State of Georgia. The complaint sought injunctive and certain other relief to be hereinafter referred to.

On October 27, 1971, the date the complaint was filed, a judge of the superior court of that county rendered an order temporarily restraining and enjoining the defendant from proceeding further, staying them until further order of the court, and ordering the defendant to show cause at a specified date why he should not be restrained and enjoined in the proceeding, why the subpoena referred to in the complaint should not be quashed and why the proceeding should not be stayed further. The Insurance Commissioner filed a motion to vacate on the ground that it did not affirmatively appear as a matter of record in these proceedings that the provisions of Ga. L. 1956, p. 625 (*Code Ann.* § 3-116) had been complied with.

Thereafter on November 3, 1971, a judge of that court vacated and set aside the court's previous order of October 27, 1971, and also granted the defendant's oral motion to dismiss the complaint for failure to state a claim for relief. This judgment was certified for immediate review. Enumerated as errors are the vacating of said order and dismissal of the complaint.

In our view it is only necessary to determine whether the trial court was correct in sustaining the Commissioner's oral motion to dismiss, thereby dismissing the plaintiff's complaint.

The complaint, insofar as necessary to state here, made the allegations which follow: The Insurance Commissioner has issued a subpoena, dated October 26, 1971, requiring an appearance at 2 p.m. on October 27, 1971, before him and the production of documents and records which are the property of the plaintiff.

A copy of the subpoena attached to the complaint shows in material part the following: Underneath the heading is the word "Subpoena"; to the left appears "Johnnie L. Caldwell, Insurance Commissioner vs. Southeastern Adjusters, Inc."; directly across to the right is "To Appear Before The Commissioner"; and beneath that "No." and "Investigation of Insurance Complaint Filed by Terry A. Bicknell, 2481 E. Osborne Road, N. E., Atlanta, Georgia"; followed by "To:

James Gideon Hampton, Southeastern Adjusters, Inc., 3127 Maple Drive, N. E., Atlanta, Georgia."

The subpoena states that Hampton is required to be and appear at 2 p.m. on October 27, 1971, at a specified room in the State Capitol "then and there to testify before the Insurance Commissioner in the above styled proceeding. You are ordered and directed to bring with you all records, papers and documents in your possession or the possession of Southeastern Adjusters, Inc. pertaining to this matter for the purpose of examination by me or my duly authorized representative." The subpoena bears the date of October 26, 1971, and the signature of Johnnie L. Caldwell, Insurance Commissioner. At the bottom of the subpoena is what purports to be the statutory authority for it.

The complaint alleges that there are no proceedings pending or about to be pending that could be the subject of the subpoena and that it was issued without lawful authority; that the plaintiff has not received notice of any hearings and no papers of any kind have been served upon it other than the subpoena; that said subpoena is too vague, ambiguous, broad and general to require the production of any documents whatever and is therefore void and should be quashed; that in the absence of any proceedings pending before the defendant he has no right to issue subpoenas; that the subpoena is not reasonable as to notice and that it was issued on October 26, 1971, served at approximately 1 p.m. the same date, and called for appearance twenty-five hours thence, contrary to the law; that the plaintiff is without an adequate remedy of law, having been deprived of any hearing and notice thereof so as to understand the nature of the complaint, proceeding, hearing or matter of investigation, as required by law.

The complaint prayed that the defendant be restrained from proceeding in the premises; that the subpoena be quashed; that the proceedings be stayed until further order; that rule nisi issue requiring the Commissioner to show cause why the proceedings should not be enjoined; the subpoena be quashed and the proceedings stayed.

We regard the dismissal of the foregoing complaint to be determinative of this appeal.

In our view this complaint does not set forth a claim entitling the plaintiff to any relief.

It is apparent that the basis of the complaint is the contention that since there is no proceeding pending, the issuance of the subpoena is not authorized by law.

With this contention we cannot agree.

From a study of the Georgia Insurance Code of 1960 (Ga. L. 1960, p. 289), it is manifest that the regulatory powers granted the Comptroller General and Insurance Commissioner are both investigative and quasi-judicial. For a statement by this court as to these two functions in administrative law generally see *South View Cemetery Assn. v. Hailey*, 199 Ga. 478 (2-4) (34 SE2d 863). It is likewise clear that the investigative powers are not restricted only to those instances in which a hearing is pending. In this connection we refer to several provisions of the Insurance Code.

"With respect to the subject of any examination, investigation or hearing conducted by him or his duly authorized representative, the Commissioner may take depositions, subpoena witnesses . . . and compel the production of records, books, papers and other documents." Ga. L. 1960, pp. 289, 304 (*Code Ann.* § 56-215 (1)).

"Every person being examined, its officers, employees, and representatives shall produce and make freely accessible to the Commissioner the accounts, records, documents, and files in his possession or control relating to the subject of the examination." Ga. L. 1960, pp. 289, 301 (*Code Ann.* § 56-210 (1)).

"For the purpose of ascertaining their compliance with this Title the Commissioner may when he deems it necessary . . . examine the affairs, accounts, records, documents and transactions of: (1) Any insurance . . . adjuster." Ga. L. 1960, pp. 289, 301 (*Code Ann.* § 56-209).

Furthermore, the Commissioner may "inquire into any alleged illegal or improper conduct of any licensed . . . ad-

juster. . ." Ga. L. 1960, pp. 289, 448 (*Code Ann.* § 56-825b).

However, in the event that a hearing does take place, the Commissioner must accord all the procedural safeguards provided as hearing requirements of the Insurance Code. See in this connection Ga. L. 1960, pp. 289, 448 (*Code Ann.* § 56-826b) and Ga. L. 1960, pp. 289, 306 (*Code Ann.* §§ 56-218 through 56-224). These procedural safeguards must be complied with before there can be any final decisions, orders or actions adverse to any member of the insurance industry.

It is clear that the relief sought in this complaint in the light of the statutory law cited above would tend to thwart the investigative power which the General Assembly has vested in the Insurance Commissioner. To grant it would be, as we contemplate it, in direct conflict with the objectives of the Georgia Insurance Code of 1960.

There is no authority for the other major relief sought, to wit, quashing of the subpoena.

No such right is provided by the Georgia Insurance Code of 1960, which purports to be exhaustive as to investigative procedures. *Code Ann.* § 38-801 (b) (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200), providing for quashing or modifying a subpoena upon stated grounds, is applicable only to court proceedings and not to investigative procedures as here.

Moreover, there was an adequate remedy for the appellant in this situation under Ga. L. 1960, pp. 289, 304, (*Code Ann.* § 56-215 (3)), which provides in pertinent part as follows: "If any individual fails to obey a subpoena issued and served hereunder with respect to any matter concerning which he may be lawfully interrogated, on application of the Commissioner the superior court of the county in which the proceeding is pending at which such individual was so required to appear may issue an order requiring such individual to comply with the subpoena and to testify."

Thus, the appellant's failure to obey the subpoena issued by the Commissioner would have required its enforcement through the superior court as provided by this provision.

The appellant could have thereby obtained a plenary adjudication of the lawfulness of the Commissioner's subpoena action.

For the foregoing reasons, we hold that the complaint did not set forth a claim for relief and was properly dismissed upon motion. The allegations of the complaint disclosed to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. See in this connection, *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695). Here the situation does not involve the exigencies of proof, but the applicability of plain statutes.

Since we have held that the complaint was properly dismissed the other issue as to the vacating of the prior order because of non-compliance with the provision for notice to the Attorney General (*Code Ann.* § 3-116), is now moot and need not be considered.

*Judgment affirmed. All the Justices concur.*