485 S.E.2d 764 (1997)
264 Ga. 146
ANDERSON et al.
v.
DOWD et al. (Two Cases)
HOLMES
v.
DOWD et al.
Nos. S97A0891, S97A0894 and S97A0895.
Supreme Court of Georgia.
June 2, 1997.
Reconsideration Denied June 30, 1997.
*765 Tony L. Axam, Atlanta, for Andrea L. Anderson.
Anne M. Landrum, Drew, Eckl & Farnham, Atlanta, Joseph William Watkins, Long, Weinberg, Ansley & Wheeler, Atlanta, John Patrick O'Brien, Thompson, O'Brien, Kemp *766 & Nasuti, Norcross, Milton B. Satcher, III, Long, Weinberg, Ansley & Wheeler, Atlanta, W. Wray Eckl, Drew, Eckl & Farnham, LLP, Atlanta, Jill Ilene Seligman, Thompson, O'Brien, Kemp & Nasuti, Norcross, George August Koenig, Long, Weinberg, Ansley & Wheeler, Atlanta, for James L. Dowd et al. in No. S97A0891.
Anne M. Landrum, Drew, Eckl & Farnham, Atlanta, John Patrick O'Brien, Thompson, O'Brein, Kemp & Nasuti, W. Wray Eckl, Drew, Eckl & Farnham, LLP, Atlanta, for James L. Dowd et al. in No. S97A0894.
CARLEY, Justice.
These companion cases arise from an on-going dispute over real property which formerly belonged to United Baptist Church, Inc. (UBC), but which currently is owned by appellee Achor Center, Inc. (Achor). See Achor Center, Inc. v. Holmes, 219 Ga.App. 399, 465 S.E.2d 451 (1995). Achor permits UBC to use the property for its worship service, which is held at 9:30 A.M. on Sundays. Although appellant-plaintiffs, led by Rev. Kenneth Holmes, claim membership in UBC, they use the name Capitol View Mission Church (Capitol Mission) when they hold their own 12:00 P.M. Sunday worship service on the property. A dispute arose as to Capitol Mission's right to possession and use of the property, which dispute culminated in UBC severing its ties with Rev. Holmes and Capitol Mission. Certain members of Capitol Mission then brought suit against Achor and appellee Deacons of UBC, alleging individual claims for their exclusion from membership in UBC and, in their alleged capacities as members of UBC, asserting on UBC's behalf a derivative claim for use and possession of the property.
After conducting a hearing, the trial court granted summary judgment in favor of Achor and the Deacons and, in Case Number S97A0891, Capitol Mission appeals from that order. In Case Number S97A0894, Capitol Mission appeals from the subsequent grant of an interlocutory injunction prohibiting Rev. Holmes from coming onto the property at any time and prohibiting the other members of Capitol Mission from coming onto the property except for designated worship services. In Case Number S97A0895, Rev. Holmes appeals from an order finding him to be in contempt of the interlocutory injunction. We will resolve all three cases in this single opinion.

CASE NUMBER S97A0891.
1. The constitutional guarantee of freedom of religion "`encompasses the "power (of religious bodies) to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine."' [Cit.]" First Born Church of Living God, Inc. v. Hill, 267 Ga. 633, 634(1), 481 S.E.2d 221 (1997). Thus, civil courts have no jurisdiction to inquire into and to control the acts of the governing authority of a religious organization undertaken with reference to its internal affairs. Tucker v. Paulk, 148 Ga. 228, 229(2), 96 S.E. 339 (1918). It is undisputed that UBC has a congregational form of government. Tucker v. Paulk, supra at 228(1), 96 S.E. 339. Membership in a congregational church is not a property right. Sapp v. Callaway, 208 Ga. 805, 808(6), 69 S.E.2d 734 (1952). Since membership in UBC is not a property right, the validity of the exclusion of the members of Capitol Mission from membership in UBC "is conclusive upon the civil courts, whether, in the opinion of the judges of such courts, the decision appears to be right or wrong.... [Cits.]" Stewart v. Jarriel, 206 Ga. 855, 856(6), 59 S.E.2d 368 (1950). It follows that the trial court correctly granted summary judgment against the members of Capitol Mission on their individual claims for exclusion from membership in UBC.
Although the trial court lacked the jurisdiction to grant any legal or equitable relief on the individual claims for exclusion from membership in UBC, it clearly had jurisdiction to determine whether the members of Capitol Mission had standing to bring the derivative property claim on behalf of UBC itself. See Bagley v. Carter, 235 Ga. 624, 220 S.E.2d 919 (1975); Stewart v. Jarriel, supra at 856(5), 59 S.E.2d 368. In support of the motion for summary judgment as to that claim, Achor and the Deacons submitted direct evidence showing that the members of Capitol Mission were not members of *767 UBC authorized to bring a derivative claim on behalf of UBC. In opposition to this direct evidence, the members of Capitol Mission submitted only unsubstantiated assertions of their membership in UBC. Thus, the trial court correctly granted summary judgment in favor of Achor and the Deacons on the derivative property claim.

CASE NUMBER S97A0894.
2. The record shows that, subsequent to filing a notice of appeal from the trial court's grant of interlocutory injunctive relief to Achor and the Deacons, the members of the Capitol Mission voluntarily dismissed their appeal from that order. Accordingly, this appeal presents nothing for review and is dismissed.

CASE NUMBER S97A0895.
3. Rev. Holmes urges that the order finding him in contempt of the interlocutory injunction must be reversed, because the trial court had no jurisdiction to limit the exercise of his constitutional freedom of religion. The trial court's interlocutory injunction did not, however, limit the exercise of anyone's constitutional freedom of religion, but merely protected the property rights of Achor and UBC from interference by members of the Capitol Mission. Protection of the property rights of Achor and UBC was within the jurisdiction of the trial court and Rev. Holmes violated the terms of the interlocutory injunction at his peril. See generally Goodrich v. Ga. R. & Banking Co., 115 Ga. 340, 41 S.E. 659 (1902).
Although Rev. Holmes further contends that the order was a mere temporary restraining order which expired after 30 days, the written order clearly shows that it was an interlocutory injunction, since it was to "remain in effect until final resolution of this case...." Compare Mar-Pak Mich., Inc. v. Pointer, 226 Ga. 189, 173 S.E.2d 206 (1970). Rev. Holmes makes no contention that he did not have notice of the hearing which resulted in the entry of the interlocutory injunction or that he did not violate the terms thereof. Compare Mar-Pak Mich., Inc. v. Pointer, supra. "`(T)he disobedience of an unsuperseded order within the jurisdiction of a court is a contempt of court, even though the order is erroneous. (Cit.)' [Cit.]" Bo Fancy Productions, Inc. v. Rabun County Bd. of Commissioners, 267 Ga. 341, 346(3), 478 S.E.2d 373 (1996). Therefore, the trial court's order finding Rev. Holmes to be in contempt of the interlocutory injunction is affirmed.
Judgments affirmed in Cases Number S97A0891 and S97A0895.
Appeal dismissed in Case Number S97A0894.
All the Justices concur.