SANDERS *v.* EDWARDS *et al.*

JENKINS, Presiding Justice. On a petition signed by nine of the ten deacons of Springfield Baptist Church, and by all of the ten trustees, alleging that the pastor of said church had on charges preferred been duly removed as such by the governing church authority, to wit, the congregation in conference assembled, but that he continued to function as such and to occupy the pulpit, declared to be vacant, and to occupy the parsonage although no longer entitled to do so, and praying that he be enjoined from such activities as pastor and from longer occupying the "parsonage," the judge after hearing evidence granted the relief prayed, to which the defendant excepts. *Held:*

1. Where a pastor, after having been legally removed from office by the governing church authority, seeks thereafter to perform the function of pastor and as such to continue in possession of church property devoted to the use and benefit of its pastor, a court, in support of the action of the constituted church authority, may grant an order the essential nature of which is to restrain, although the defendant in yielding obedience thereto may incidentally and in some respects be compelled to perform an overt act in relinquishing possession and control of church property. *Rosser* v. *Styron,* 171 *Ga.* 238 (3), 240 (155 S. E. 23); *Mackenzie* v. *Minis,* 132 *Ga.* 323 (8), 335 (63 S. E. 900, (23 L. R. A. (N. S.) 1083, 16 Ann. Cas. 723).

2. Where, as is here conceded, the governing authority of the church rests in the congregation, its action in terminating an indefinite call to the pastorate is prima facie binding.

(a) No reason appears, under the facts disclosed by the record in the instant case, why the action of the congregation in conference assembled should be held ineffective. It is true that rule 3 of said church reads as follows: "Meetings for business may be called at the instance of any five financial male members of the church, uniting in the call, provided the call always be made from the pulpit at some season of worship for two sabbaths, the object being clearly stated;" but it further appears from the record that, after charges in writing had been preferred against the pastor by certain of the church members, the pastor replied thereto from the pulpit on the following Sunday; that two Sundays thereafter, after notice given, the charges were brought up, but on motion were tabled indefinitely; that on a Sunday, several weeks thereafter (December 17, 1944), notice was given by five authorized male members and read by the pastor, calling for a conference "to take up unfinished business" on December 26, but the pastor refused to read this call on the following Sunday, ruling that it was illegal as not setting forth the object of the conference, but an official of the church then and there arose and announced in open church the call for the conference on the date set forth by the call; and that, in pursuance of said call (which as a matter of fact had also been posted in both vestibules of the church and published in the Augusta Chronicle), a church conference was had at the time stipulated in the call, at which sixty-one members were present, all voting to declare the pastorate

vacant. Under such facts and circumstances, the call will be taken as sufficiently explicit.

3. No constitutional question appears to have been raised at the hearing before the judge; but the constitutional question now sought to be injected is without merit, since the order of the judge did not seek to prevent the defendant from entering the church for worship, except as he might attempt to usurp the functions of pastor, which office he no longer held.      *Judgment affirmed.  All the Justices concur.*

No. 15149.  MAY 10, 1945.

*Pierce Bros.* for plaintiff in error.
*Isaac S. Peebles Jr.,* contra.