19553.   STROUD *v.* DOOLITTLE *et al.*
19554.   WILLIAMS *v.* DOOLITTLE *et al.*

ARGUED JANUARY 14, 1957—DECIDED FEBRUARY 12, 1957.

*Erwin, Nix, Birchmore & Epting,* for Stroud.
*Rupert A. Brown,* for Williams.
*Stephens, Fortson, Bentley & Griffin,* for Doolittle.

CANDLER, Justice.   The writs of error which were sued out in this litigation to the Court of Appeals, assign error on judgments overruling separate general demurrers interposed to the petition. On consideration of the writs, and while sitting as a body for the

determination of the questions presented by them, Judges Nichols, Townsend, and Quillian were of the opinion that the judgments complained of should be affirmed, Chief Judge Felton, Presiding Judge Gardner, and Judge Carlisle were of the opinion that they should be reversed; and because of such equal division, the writs of error were transferred to this court for decision under article 6, section 2, paragraph 4, of the Constitution of 1945.

This litigation arose when C. B. Doolittle filed a suit for damages in the Superior Court of Clarke County against George Stroud, a resident of Clarke County, Georgia, and Mary Joel Williams, a resident of Dodge County, Georgia. Briefly and so far as need be stated, the petition alleges: On November 29, 1954, at about 8:15 a.m., the plaintiff was driving his Chevrolet pickup truck north on State highway No. 15 between Watkinsville and Athens, the paved part of which highway is 21 feet wide. He met a school bus, which the defendant Stroud was driving. The defendant Stroud gave the required signal for vehicular travel to stop while he was picking up some school children. In obedience to the signal given and as required by law, the plaintiff immediately stopped his truck in the lane of the highway he was rightfully using, and the defendant Stroud stopped his school bus in the opposite lane of the highway, although there was ample room to his right in an area adjacent to the highway for him to easily and safely have driven his bus off the pavement and to a place more than 12 feet from the center line of the highway. While the plaintiff's truck and the defendant Stroud's school bus were so stopped on the highway, and while school children were being received on the bus, the defendant Williams came up behind the plaintiff's truck in a Ford automobile at a rate of speed in excess of 60 miles per hour. Although she could see the plaintiff's parked truck and the defendant Stroud's parked school bus while several hundred feet away from them, she nevertheless continued to drive her automobile at the same excessive rate of speed and did not apply her brakes until it was too late for her to stop. Her automobile struck the rear part of the plaintiff's truck, knocked it off the highway and down an embankment with great force, and her automobile continued to travel until it passed to the rear of the school bus and ran off the highway to her left. In consequence of the collision, the plaintiff sus-

tained severe personal injuries and his truck was badly damaged. The defendant Stroud was negligent, in stopping his school bus for the purpose of picking up school children (1) at a place within 12 feet of the center line of the highway; (2) at a point on the highway which prevented free passage of other vehicles; and (3) when he observed the defendant Williams' automobile approaching him from an opposite direction. The defendant Williams was negligent, (1) in operating her automobile at a rate of speed in excess of 60 miles per hour; and (2) in failing to stop her automobile before overtaking and striking the plaintiff's truck, which had stopped on the highway as required by and in obedience to law. The joint and concurrent acts of negligence so committed by the defendants were the direct and proximate cause of the personal injuries and property damage the plaintiff sustained. The defendants demurred to the petition on the following general grounds: 1. It shows on its face that the plaintiff's personal injuries and property damage resulted directly from his failure to exercise ordinary care for the safety of his person and property. 2. It fails to state a cause of action for the relief sought.

■ Section 92 of the Uniform Act Regulating Traffic on Highways, which the legislature passed in 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 598; Code, Ann. Supp., § 68-1670), reads in part as follows: "No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions, of a police officer or traffic-control device, in any of the following places: . . . 15. It shall be unlawful for any person to stop or park any automobile, truck, tractor, trailer, or other motor vehicle . . . on or along any State-aid road or highway, unless such vehicle be placed so that it is at least 12 feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within 12 feet of the center line of such State-aid road or highway." And section 89 (Code, Ann. Supp., § 68-1667) of the act is in part as follows: "(a) The driver of a vehicle upon a highway upon meeting or overtaking from either direction any school bus which has stopped on the highway for the purpose of receiving or discharging any school children shall stop the vehicle before reach-

ing such school bus and shall not proceed until such school bus resumes motion, or until signaled by the driver to proceed. (b) Every bus used for the transportation of school children shall bear upon the front and rear thereon a plainly visible sign containing the words 'School Bus' in letters not less than eight inches in height. . . . (d) It shall be unlawful to operate any flashing warning signal light on any school bus except when any said school bus is stopped . . . on a highway for the purpose of permitting school children to board or alight from said school bus." .

In this case the allegations of the petition affirmatively show that the plaintiff at about 8:15 a.m. on meeting a school bus which had stopped on the highway for the purpose of receiving school children stopped his truck as required by and in obedience to law and in the lane of the highway he had a right to use, and when, as the petition alleges, the defendant Williams was driving her automobile "several hundred feet" behind him. Hence, there is clearly no merit in the contention of either defendant that the petition shows on its face that the plaintiff's personal injuries and property damage resulted directly from his failure to use ordinary care for the safety of his person and property.

■ There is no merit in the plaintiff's contention that the defendant Stroud committed an act of negligence by stopping his school bus at a place on the pavement within 12 feet of the center line of the highway for the purpose of receiving school children, and was therefore, as a joint tortfeasor, liable to him in damages with the defendant Williams for the personal injuries and property damage he sustained from the collision. Unquestionably, that part of section 89 which has been quoted in the preceding division of this opinion accords to school-bus drivers the right to stop their buses on the pavement and within less than 12 feet of the center line of the highway for the purpose of receiving or discharging school children. To hold, as the plaintiff contends, that the above-quoted portion of section 92 of the act is applicable to school buses while being operated for the purpose of receiving or discharging school children would render their operation for such purpose virtually ineffectual. Sections 89 and 92 of the aforementioned act are in pari materia, and it seems clear to us that the legislature did not intend for that provision of

section 92, which makes it unlawful for any person to stop a motor vehicle on any highway within 12 feet of its center line, to render meaningless that provision of section 89 which requires the operator of all vehicles approaching or overtaking a school bus to stop when the driver of such school bus gives the required signal that he expects to stop on the highway for the purpose of receiving or discharging school children. When the uniform traffic act of 1953 was passed, Code § 68-314 made it unlawful to stop or park any motor vehicle within 8 feet of the center line of a State-aid road or highway, and Code § 68-311 provided that all motor vehicles while being used for the purpose of transporting school children to and from schools should stop on the right-hand side of the road or street as close to the curb or edge of the road or street as practicable. It is the duty of courts in the construction of statutes to give effect to the intention of the legislature when it is ascertainable, and it is unthinkable that the legislature intended by section 92 of the traffic act of 1953 to prohibit the operator of a properly identified school bus from stopping his bus in the right-hand lane of the highway and within 12 feet of its center line for the purpose of receiving or discharging school children, after first giving the required signal for all vehicular travel to stop.

The plaintiff also contends that the defendant' Stroud was negligent per se in stopping his school bus at a point on the highway which prevented free passage of other vehicles. For this position he relies on section 90 (a) (Code, Ann. Supp., § 68-1668) of the same act, which provides: "Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway." Since section 89 of the act requires all vehicular travel approaching or overtaking a school bus which has stopped on the highway for the purpose of receiving or discharging school children to stop before reaching such stopped bus, it is clear that

the quoted portion of section 90 is not applicable to school buses while being used for the transportation of school children. The plaintiff's position respecting this question is therefore untenable. There is likewise no merit in the plaintiff's contention that the defendant Stroud committed an act of negligence in stopping his school bus on the highway for the purpose of picking up school children, when he could plainly see the defendant Williams' automobile approaching him in an opposite lane of the highway several hundred feet away. Ordinarily an allegation of negligence presents a question of fact for determination by a jury under appropriate instructions from the court as to applicable principles of law; but where the alleged act, as here, is clearly, plainly, and indisputably not one of negligence, the question respecting its character should be determined by the court as a matter of law. See *Andrews* v. *Central R. & Bkg. Co.*, 86 *Ga.* 192 (12 S. E. 213, 10 L. R. A. 58); and *Russell* v. *Central of Ga. Ry. Co.*, 119 *Ga.* 705 (46 S. E. 858); *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (3) (179 S. E. 415). In the case last cited the Court of Appeals held: "Questions as to . . . negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except in palpably clear, plain and indisputable cases." Hence, as to the defendant Stroud, it must be and is held that the petition failed to state a cause of action for the relief sought, and his ground of general demurrer which challenged the sufficiency of the petition to state a cause of action as to him should have been sustained. It was error not to do so.

■ By the Constitution of 1945, joint tortfeasors residing in different counties of this State may be sued together in the county of either. Const., art. 6, sec. 14, par. 4; Code (Ann.) § 2-4904. But in order to maintain such a suit against the non-resident, it is necessary that a cause of action be alleged and proven against the resident defendant. *Richards & Associates* v. *Studstill*, 212 *Ga.* 375 (93 S. E. 2d 3), and the cases there cited. Any other rule would open the door to easy evasion of the constitutional provision that, except in the enumerated cases, the venue of all civil actions is in the county of the defendant's residence. And since the petition in the instant case shows on its face that

the defendants are not liable in damages to the plaintiff as joint tortfeasors, it fails to state a cause of action which, under the venue provision of the Constitution of this State, can be maintained against the nonresident defendant Williams in the Superior Court of Clarke County, and her ground of general demurrer which raised that jurisdictional question should have been sustained. *Ruis* v. *Lothridge*, 149 *Ga.* 474 (100 S. E. 635). However, our decision as to her is confined solely to the question of jurisdiction, and does not determine the plaintiff's right to maintain a suitable action against her in the proper county.

■ It follows from what has been held above that the trial judge properly overruled the first ground of the defendants' demurrers, and that he erred in overruling the second ground thereof as they appear in our statement of the facts.

*Affirmed in part and reversed in part. All the Justices concur.*