25192. CARDEN et al. v. LaGRONE et al.

SUBMITTED MAY 12, 1969—DECIDED JUNE 16, 1969.

*Farkas, Landau & Davis, James V. Davis,* for appellants.
*Smith, Gardner, Wiggins, Geer & Brimberry, James W. Smith, Frank F. Faulk, Jr.,* for appellees.

UNDERCOFLER, Justice. Mr. and Mrs. J. S. LaGrone, brought

this action in three counts in the Superior Court of Dougherty County, Ga., against eleven defendants who were residents of that county and two defendants who were residents of Bibb County, Georgia. The litigation involves a religious society. The appeal is from the denial of the defendants' motion for summary judgment based on the ground that there is no genuine issue as to any material fact and that the pleadings, exhibits, depositions of the plaintiffs and affidavit attached by the defendants, show that the defendants are entitled to judgment as a matter of law. The trial judge certified the case for review by this court.

The record shows that the plaintiffs, Mr. and Mrs. J. S. LaGrone, organized the Faith Temple Assembly of God church in Dougherty County about 1948. The congregation adopted a written constitution and bylaws on November 28, 1954, and vested complete control of all temporal and spiritual matters in Mr. and Mrs. J. S. LaGrone as permanent members of a three-member General Council Board. They further provided that until the death of both permanent members of the General Council Board the constitution and bylaws could be amended only by the General Council Board.

On December 20, 1954, J. S. LaGrone by deed of gift conveyed to five named persons as trustees of the Faith Temple Assembly of God certain described real property, here referred to as lot 76 in Block H of Maple City Subdivision, "while and during the time said property is used as a place of worship of the Faith Temple Assembly of God, and so long as said religious organization operates and functions according to the constitution and bylaws under which it is now existing, that were approved on the 13th day of October, 1954."

On March 1, 1957, J. S. LaGrone delivered to said trustees a quitclaim deed to said lot 76 wherein it was stated, "The intention of this deed being to relieve the above stated property from the restrictions and limitations placed on its use by a trust deed executed December 20, 1954, between J. S. LaGrone and the trustees of the Faith Temple Assembly of God, recorded in Deed Book 181, page 9, so as to give the grantee herein a free and unrestricted title to the above property."

On February 16, 1957, J. S. LaGrone conveyed to the trustees of the Faith Temple Assembly of God by warranty deed without any conditions certain described real property here referred to as lot 77 in Block H of Maple City Subdivision.

Substantial improvements including a sanctuary have been placed on said real property. Both the plaintiffs and members of the church have contributed funds to pay for these improvements.

Count 1 of the petition alleges that the quitclaim deed was made solely for the purpose of obtaining a loan on the property; that after executing the deeds the plaintiffs continued to operate a "partnership" on the property for the purpose of maintaining the religious association which they founded; that there have been no proper amendments to the constitution and bylaws of November 28, 1954; that the defendants have illegally ousted the plaintiffs from the church property and seized control thereof; that Mrs. LaGrone is the only ordained and appointed minister serving under said constitution and bylaws; that certain of the defendants made a calculated attempt to injure and ruin them and Mrs. J. S. LaGrone in her profession. The petitioners prayed that the court determine who holds title to the church property, whether the use of the property is subject to the original constitution and bylaws, whether the quitclaim deed removed the restrictions, that they be given the exclusive right to use and enjoy the property, that the defendants be enjoined from interfering with the plaintiffs' use of the property, and for damages.

Count 2 alleges that the defendants conspired to wrongfully "take over" the church property and oust the plaintiffs by "instilling" resentment for Mrs. LaGrone while Mr. LaGrone was having a nervous breakdown, that certain of the defendants made a calculated attempt to injure and ruin them and Mrs. LaGrone in her profession by telling the congregation that they were "calculating and undemocratic individuals" who were operating the property for their own gain and that the bylaws and conditions that were promulgated by the plaintiffs were designed to reserve "despotic and tyrannical powers" in them while in fact the quitclaim deed had released the conditions

made in the first deed; that the defendants' statements were maliciously made to destroy them and their professional reputation and in effect to "put them out of business"; that, if the plaintiffs had been such "despots and dictators," they would not have removed the conditions imposed in the deed to said property or nullified the provisions of the constitution and bylaws to which it relates. This count prays for a declaration as to whether the quitclaim deed extinguished the conditions of the original deed and for damages against the two nonresident defendants.

Count 3 alleges that the Faith Temple Assembly of God is not a legal entity which can receive title to land, incorporates certain prayers of Count 1, and further prays that the deeds set out above be declared null and void.

Defendants in their answer and counterclaim allege that during the last twenty years no accounting has been made of funds in excess of $200,000 contributed to the church, that Mrs. J. S. LaGrone has been dismissed as pastor, and since then has constantly interfered with church services. It prays for an accounting, judgment for any sums due, and to enjoin the plaintiffs from interfering with church services.

The plaintiffs' depositions attached to the defendants' motion for summary judgment aver the constitution and bylaws of the Faith Temple Assembly of God have not been legally amended as provided therein and they remain vested with the absolute, unalterable authority to control and operate the church and its property, that Mrs. J. S. LaGrone has been pastor of the church since its organization and Mr. J. S. LaGrone has been assistant pastor since 1954 until they were ousted in 1968; that there was no agreement during this time for compensation; that they used funds contributed to the church for living expenses and church purposes; that the constitution and bylaws were read to the congregation by some of the defendants who implied that the plaintiffs were "dictators" under the provisions thereof.

The defendants' answers to interrogatories and the affidavit attached to the motion for summary judgment aver that on February 17, 1968, the entire church body voted and adopted

a new constitution and bylaws, dismissed the plaintiffs as pastor and assistant pastor, and that the church operates under a congregational form of government.

■ The plaintiffs' motion to dismiss the appeal in this court because the motion for summary judgment was not the last order filed in the case is denied. The Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; *Code Ann.* § 81A-156 (h)) specifically authorizes the trial judge to certify "that the order denying summary judgment as to any issue or as to any party should be subject to review, in which case such order shall be subject to review by direct appeal." See *Code Ann.* § 6-701 (a, 4) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073).

The other grounds of the motion to dismiss the appeal complain that the appellees had no notice of the entering, nor were they served with a copy of the order on the motion of the two nonresident defendants to dismiss the claim for lack of jurisdiction of the person and for improper venue, nor any notice of appeal therefrom; that the later order was not a final order of the court below; that the record has been transmitted in two parts and is incomplete and confusing. These grounds are without merit. *Code Ann.* § 6-701 (b) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073).

The motion to dismiss the appeal in this court is denied.

■ "All deeds of conveyance heretofore made, and which may hereafter be made, to any person or persons, for any lots of land within this State, to any church or religious society, or to trustees for the use of such church or religious society, for the purpose of erecting churches or meeting houses, are, and shall be deemed and taken to be, good and valid, and available in law for the intents, uses, and purposes contained in said deeds of conveyance; and all lots of land so conveyed shall be fully and absolutely vested in such church or religious society, or in their respective trustees, for the uses and purposes in said deed expressed; to be holden to them, or their trustees, for their use by succession, according to the mode of church government or rules of discipline exercised by such churches or religious societies respectively." *Code Ann.* § 22-5507 (formerly *Code* § 22-409) (Ga. L. 1805, Cobb, 899; 1968, pp. 565, 822).

■

The record shows the deeds were made to named trustees of the Faith Temple Assembly of God, an unincorporated association, and their successors in office. Under the above Code section they hold legal title to said property.

For this reason and the reasons set forth in Division 3 hereof the motion for summary judgment as to Count 3 should have been granted.

■ The warranty deed of J. S. LaGrone to the trustees of the Faith Temple Assembly of God dated December 20, 1954, conveyed said Lot 76 subject to the constitution and bylaws of said church dated *October 13, 1954*. However, the petition alleges that this deed and its recorded provisions are incorporated in the petition and marked "Exhibit D." "Exhibit D" is the constitution and bylaws of said church adopted on November 28, 1954. Attached to and incorporated in said deed is a copy of article 5 of the constitution and bylaws relating to trustees.

The record shows that the original constitution and bylaws were adopted on November 28, 1954, and these are the only constitution and bylaws relied upon by the plaintiffs. Therefore, we conclude from the pleadings and evidence that there were no constitution and bylaws adopted by the congregation on October 13, 1954. Consequently, the said warranty deed imposed no conditions upon the conveyance of title other than the provisions relating to the duties and selection of trustees, contained in said article 5 which was incorporated in the deed.

The quitclaim deed of J. S. LaGrone to the trustees of said church and their successors in office dated March 1, 1957, extinguished any reversionary interest of J. S. LaGrone contained in his deed of December 20, 1954. *Towns v. Walters*, 225 Ga. 293. Parol testimony is not admissible to change the terms of a valid written instrument. *Code* § 38-501.

In Division 2 of this opinion it is held that title to said property is vested in the trustees of the Faith Temple Assembly of God and their successors in office. The remaining issues raised in Count 1 of the petition relate only to the internal management of the church. The defendants' evidence, disputed by the plaintiffs, shows that a new constitution and bylaws were adopted by the entire congregation on October 7, 1968, for the

"First Assembly of God of the City of Albany" which does not purport to be the same organization as the Faith Temple Assembly of God. Nevertheless, a court of equity will not interfere with the internal management of a religious society where property rights are not involved. Here the plaintiffs have no property rights in this religious society, nor do they sue on behalf of the majority of the members. *Code Ann.* § 22-5504 (formerly *Code* § 22-406); *Code Ann.* § 22-5506 (formerly *Code* § 22-408). *Knowles v. White*, 199 Ga. 772 (35 SE2d 451); *Edwards v. Thomas*, 204 Ga. 766 (51 SE2d 855); *Sapp v. Callaway*, 208 Ga. 805 (69 SE2d 734).

Accordingly, the trial court erred in not granting the defendants' motion for summary judgment as to Count 1.

■ Also enumerated as error is the denial of the two nonresident defendants' motion to dismiss them for lack of jurisdiction of the person and improper venue. As was held in the preceding divisions of this opinion, summary judgment for the defendants as to Counts 1 and 3 of the petition should have been granted. In Count 2, the plaintiffs do not pray for judgment against the resident defendants. Therefore, the court was without jurisdiction of the nonresident defendants and their motion to dismiss should have been granted. *Southeastern Truck Lines v. Rann*, 214 Ga. 813 (108 SE2d 561). *Stroud v. Doolittle*, 213 Ga. 32 (3) (96 SE2d 876).

*Judgments reversed. All the Justices concur.*