26621. APOSTOLIC OVERCOMING HOLY CHURCH OF GOD, INC. v. DAVIS et al.

ARGUED JULY 12, 1971—DECIDED SEPTEMBER 8, 1971.

*Lynwood A. Maddox,* for appellant.

*Frank G. Wilson, Carl J. Wilson, Jr.,* for appellees.

MOBLEY, Presiding Justice. This appeal is from the denial of an interlocutory injunction to the appellant, Apostolic Overcoming Holy Church of God, Inc.

The appellant church brought an action for injunction and damages against H. L. Davis and his wife, Martha Davis, alleging that: The appellant church is the owner of described church property in Macon. H. L. Davis was formerly a licensed minister of the appellant church, and pastor of the described local church. On December 13, 1970, he resigned as pastor of the appellant church, and he has de-

clared his intention to use the church building to establish his own church. He is presently using the church building to conduct services, contrary to the direction and wishes of the appellant church, the owner of the premises. The prayers were that the appellees be restrained and enjoined from using the church property or from interfering with the appellant church's use of the property, and for damages.

The appellees introduced no evidence at the interlocutory hearing. The appellant church introduced oral testimony, and documentary evidence, including a quitclaim deed to the property, in which the grantees are as follows: "Willie H. Lorick, Bennie Stephens and Carrie Bell Ragland, as Trustees of the Apostolic Overcoming Holiness Church of God, and their successors."

The trial judge reserved the question of the title to the church property for trial by jury. Pending a decision on that issue, he refused to restrain the appellees from conducting services in the church building.

Since the deed to the property placed the title in trustees of a church with no indication that it is an incorporated church, and having the word "Holiness" in its name, rather than the word "Holy," as in the name of the appellant church, there is an issue of fact in the case as to whether the appellant church is the owner of the legal title to the church property. The present case is therefore distinguishable from the cases cited by the appellant (*Sanders v. Edwards,* 199 Ga. 266 (34 SE2d 167); *Chatfield v. Dennington,* 206 Ga. 762 (58 SE2d 842); and *Carden v. LaGrone,* 225 Ga. 365 (169 SE2d 168) in which no similar question was involved.

The evidence at the interlocutory hearing did not show that the property claimed by the appellant church was being harmed in any way, and no immediate and urgent action by the court was demanded by the evidence. It was within the discretion of the trial judge to grant or refuse the interlocutory injunction, and no abuse of his discretion is shown.

*Judgment affirmed. All the Justices concur.*