36009. GERVIN et al. v. REDDICK et al.

JORDAN, Presiding Justice.

Appellees, a group alleging that they represented a majority of the congregation of the Union Baptist Church of Camilla, Georgia, brought suit against appellants, certain members of the Board of Deacons of the church and its pastor, alleging that appellants were acting in contravention of the will of the majority of the congregation, and that, as a result, the assets of the church were being depleted without their consent or approval.

Appellees enumerated two separate instances in which the vote of the majority was not taken, or ignored entirely. Though the church has no written bylaws or decorum, appellees sought to enjoin

appellants from continuing without authority to govern the affairs of the church and to spend its money without consulting and following the recommendation of the congregation.

The trial court entered an ex parte temporary restraining order against appellants, and twenty-one days later, a full hearing was held on the issuance of an injunction. The trial judge filed his findings of fact and conclusions of law which resulted in an injunction issuing against the pastor Reverend Webb restraining him from acting as pastor; against the treasurer James Thomas restraining him from acting as treasurer; appointing a special master to aid the members of the church in writing and adopting written rules and regulations; and retaining jurisdiction over the matter in order to be able to intervene if necessary. Appellants appeal. We affirm in part and reverse in part.

1. Appellants' contention that the ex parte temporary restraining order issued in this case was improper because it was not issued in compliance with Code Ann. § 81A-165 (b) is without merit.

2. The crux of this appeal is the question of the trial court's jurisdiction over this action in light of the first amendment to the United States Constitution.

It is well-settled that a court of equity will take jurisdiction over disputes involving churches when property rights are involved and when the suit is brought on behalf of a majority of the congregation. See *Carden v. LaGrone,* 225 Ga. 365 (169 SE2d 168) (1969). Appellees alleged in their complaint that the church property, including its funds, "will be permanently lost or wasted through the illegal and invalid acts of the [appellants]." The trial judge concluded that "irreparable injury will likely result if the assets of said Union Baptist Church are dissipated by those without authority."

In a case brought by a pastor against a bishop and an elder to enjoin them from interfering with his performance of his duties as pastor, this court pointed out that property rights must be involved, and that the pastor's salary was a sufficient, disputed property interest to allow the court to assume jurisdiction. *Hickman v. Booker,* 231 Ga. 129 (200 SE2d 279) (1973). Similarly, where a pastor had been dismissed by the congregation but continued to occupy, among other things, the parsonage, this court held that the trial court had properly taken jurisdiction and ordered the defendant to relinquish possession of church property. *Sanders v. Edwards,* 199 Ga. 266 (34 SE2d 167) (1945). The property rights threatened in this case are certainly sufficiently concrete to measure up to the standards set out by this court.

A majority of the congregation of the Union Baptist Church, as

found by the trial judge, wish to regain control of the management of the church, including the disposition of its assets, from the few who have assumed that management without authority. The trial court properly assumed jurisdiction, and this enumeration of error is without merit.

3. The pastor called by appellants to serve over the disapproval of the congregation allegedly voluntarily resigned pending this litigation to serve at a church in Alabama. Such resignation is not a part of this record on appeal. However, appellants state in their brief that because this issue has become moot, "no assignment of error will be made as to such rulings [enjoining Reverend Webb from acting as pastor.]" Therefore, we decline ruling on any portion of the lower court's order dealing with Reverend Webb, which appellants claim is unnecessary since Reverend Webb has allegedly resigned.

4. Appellants complain that the trial court erred in enjoining James Thomas from acting as treasurer. Thomas was installed as temporary treasurer by the Board of Deacons without approval by the congregation, after his appointment had been previously voted down by the congregation. Recalling that the Union Baptist Church has a congregational form of government, the trial court noted that the Board of Deacons had no right to elect any officer. Such ruling was correct since the Board in this case could act only in an advisory capacity there being no written constitution or bylaws empowering them with any more authority. Cf., *Carlson v. Fox,* 198 Ga. 400 (31 SE2d 597) (1944).

5. It appears that this is the first time that a special master has been appointed by a court in Georgia to operate a church. We question the wisdom, propriety, and the authority of the court to do so.

The record shows that the Union Baptist Church is an independent religious organization that has operated without written rules or bylaws for 100 years. After the court made its findng that this church had a congregational form of government, and that the appellees represented a majority of the members of the congregation, the church property, and its government, should have vested in the appellees with no further conditions or limitations on the part of the court.

The court-appointed master, with no limit as to time, was to supervise and require the church to adopt articles of faith, to prescribe when and where to hold meetings, what officers should be named with specification as to duties and method of election, what committees should be appointed, how the church finances should be administered, and indeed to select its "denominational affiliation."

Under the court's order the special master, not a member of the congregation, was to "have full authority to determine how and in what manner the various proposals should be submitted and voted on by the church membership." It was further provided that the special master could employ assistants and that the expenses and compensation would be determined by the court when the work was completed.

Of course, it is desirable for any church to have written bylaws and rules governing the items set forth in the order of the court. But the state has no authority to order a church to do so.

Where a church has adopted a congregational form of government, "the church itself, by and through a majority of its members, is the highest tribunal with jurisdiction to pass upon and determine all differences between its members upon questions of doctrine, discipline, ecclesiastical law, rule, custom, church government, faith and practice of the church." *Stewart v. Jarriel,* 206 Ga. 855 (1) (59 SE2d 368) (1950). "A court of equity will not interfere with the internal affairs of a religious organization, when no property rights are involved; for the reason that civil courts have no jurisdiction of such matters and cannot take jurisdiction of them. . . ." *Gibson v. Singleton,* 149 Ga. 502 (1) (101 SE 178) (1919); *Carden v. LaGrone,* supra.

The superior court clearly had the authority to take jurisdiction of this church dispute. But once it resolved the property issues by determining which group represented the majority of the congregation, any further attempt to regulate the internal affairs and doctrines of the church by appointment of a special master was error. The treasured principle of separation of church and state demands this conclusion.

6. Finally, appellants claim that the church is temporarily prevented by court order from meeting its financial obligations. Upon the elimination of the appointment of a special master, the financial obligations and management of the business affairs of the church can be handled pursuant to the will of the majority of the congregation.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Submitted February 29, 1980 — Decided June 24, 1980.

*Frank C. Vann,* for appellants.
*Twitty & Twitty, Jack G. Slover, Jr.,* for appellees.