## 36528. GAMBRELL v. GAMBRELL.

BOWLES, Justice.

Appellant filed suit for divorce in the Superior Court of DeKalb County setting forth residency and venue requirements and asserting claims for temporary and permanent custody of the minor children of the parties as well as temporary and permanent support for herself and the children. Appellee, after being personally served, appeared at the temporary hearing held on November 29, 1979. While awaiting trial the parties reached a temporary agreement which provided in part that appellant was awarded temporary custody of the two minor children with visitation to the appellee. The court order which appellee approved ordered him to pay appellant $100 per month per child as temporary child support. On February 12, 1980 appellant filed a motion for contempt against appellee for failure to pay child support as previously agreed and that motion was scheduled for hearing on February 28, 1980. On that day appellee appeared with counsel, filed defensive pleadings to the divorce and admitted in his responsive pleadings all of the jurisdiction and venue requirements pled by appellant as well as admitting appellant to be the proper custodian of the children of the parties. On that same date, however, appellee filed a motion to dismiss and vacate appellant's complaint and to vacate the temporary order which was entered by consent. Prior to any hearing on appellee's motion to vacate, appellant amended her petition for divorce and stated the address at which the children had lived for five years and stated that appellant knew of no other litigation involving the custody of the parties' children. The court ruled that inasmuch as the complaint for divorce filed by appellant did not contain certain statutory language with respect to custody of the minor children as set forth in the Uniform Child Custody Jurisdiction Act, Code Ann. § 74-501, et seq. that the court when the temporary order was entered had no jurisdiction to rule on the question of child support and vacated that portion of the consent order requiring the payment of child support. The trial court certified the appealability of that order, and appellant's application for review having been granted by this court, her appeal followed. She complains that the trial court erred by failing to find appellee in contempt for failure to pay agreed upon child support and by vacating that portion of the temporary order due to non-compliance by appellant with the provisions of the Uniform Child Custody Jurisdiction Act in a divorce action between two State of Georgia and DeKalb County residents where custody was not in issue.

We agree with the position of the appellant and reverse. Code Ann. § 30-113 provides: "The same rules of pleading and practice

applicable to ordinary civil actions shall apply to actions for divorce, alimony and custody of minor children, except as otherwise specifically provided herein; . . ." (Ga. L. 1967, pp. 226, 247.)

The Uniform Child Custody Jurisdiction Act, Code Ann. § 74-501, et seq. was adopted by the legislature, Ga. Laws 1978, pp. 258, 259, and became effective January 1, 1979. Section 74-510 of that Act requires that every party in a custody proceeding in his first pleading or in an affidavit attached to that pleading shall give under oath particular information in regard to the child to enable the court to determine whether or not it should proceed to hear the custody issue. Although the Uniform Child Custody Jurisdiction Act is the last expression of the legislature, it does not expressly repeal any particular provisions of the Civil Practice Act, nor the existing statutory provisions covering divorce, custody, alimony, and child support procedures. Finding this to be true, we will consider the requirements of the Uniform Child Custody Jurisdiction Act in pari materia with the other applicable provisions of law pertinent thereto.

Section 81A-160 of the Civil Practice Act provides for methods of obtaining relief from judgments. Section (d) of that code section provides: "A motion to set aside must be predicated upon some *non-amendable defect* which does appear upon the face of the record or pleadings, or motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings. To be subject to motion to set aside, it is not sufficient that the complaint or other pleading failed to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." (Emphasis supplied.)

There is little doubt but that the Superior Court of DeKalb County, Georgia has subject matter jurisdiction of the relief sought by the appellant in this case, and jurisdiction over appellee's person is without question, he being a resident of DeKalb County, and having been personally served with the complaint and process.

The jurisdiction of the court complained of by appellee was based on improper procedure or failure of the appellant to properly plead her case. In such circumstances a temporary order entered by the court in the case is not void and is not subject to a motion to vacate where the defect complained of can be cured by amendment. We have considered a similar question in regard to Section 81A-109 (b) which provides: "In all averments of fraud, or mistake, the circumstances constituting fraud or mistake *shall* be stated with particularity . . ." (Emphasis supplied.) Failure to comply with this requirement does not result in automatic dismissal of the pleading. See *Cochran v.*

*McCollum,* 233 Ga. 104 (210 SE2d 13) (1974), followed in *Bryant v. Bryant,* 236 Ga. 265 (223 SE2d 662) (1976), *Canal Ins. Co. v. Cambron,* 240 Ga. 708, 711 (2) (242 SE2d 32) (1978). See also, *Signal Knitting Mills, Inc. v. Roozen,* 150 Ga. App. 552, 553 (1) (258 SE2d 261) (1979).

Section 81A-112 (b) provides how the defendant can urge the defenses: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue . . . etc. Additionally paragraph (h) of that code section provides for waiver of the defenses of lack of jurisdiction over the person, improper venue, etc. Although subparagraph (h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject-matter, the court shall dismiss the action," section 81A-115 (a) permits: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order . . ." Thus it would appear that although certain pleaded matters may be required under section 74-510 to support the court's jurisdiction of the subject matter, it is obvious that the requirement that a plaintiff plead the substance of those code sections is a procedural one which can be cured by amendment. The appellant in this case having amended to cure the defect, such amendment would relate back to the time of the filing of the original complaint and having done so, there is no logical reason for the court to declare an interlocutory order void when the defect has been cured. See Code Ann. § 81A-115 (c).

Even after the entry of a pre-trial order Code Ann. § 81A-115 (a) further provides: "Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires* . . ." (Emphasis supplied.)

Applying these provisions to the facts of this case it would appear that appellant could amend her pleading as a matter of course with or without leave of the court. Thus the jurisdictional defect complained of by the appellee has been cured.

The judge erred in declaring the interlocutory order of custody and support in this case void and erred in failing to hold the appellee in contempt on that ground. Especially would this be true where the appellee consented to the interlocutory order and made no objection to the court's jurisdiction at the time the consent order was entered. The purpose of all pleadings, and the policy of all of our courts is to do substantial justice between the parties and not to establish pitfalls in which one or the other of the pleading parties may inadvertently fall.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED
OCTOBER 7, 1980.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellant.
*Edward E. Carriere, Jr.,* for appellee.