**Janice Kay BREAUX, Formerly Mays, Appellant,**

v.

**Richard Wayne MAYS, Appellee.**

**No. 65119.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 17, 1987.

Daniel Sprouse, Pauls Valley, for appellant.

Earl E. LeVally, Healdton, for appellee.

HUNTER, Judge:

Appellant, Janice Kay Breaux, and Appellee, Richard Wayne Mays, were divorced in Garvin County, Oklahoma on March 17, 1982. Custody of the minor children was given to Appellant, with visitation granted to Appellee. Appellant was allowed to remove the children from the State of Oklahoma and reside in Texas, subject to the father's visitation rights. In July, 1985, Appellee filed his Motion to Modify, requesting custody of the minor children who were in the State of Oklahoma at that time for summer visitation with Appellee. Appellee also requested and obtained an ex parte order from the District Court of Garvin County preventing the children from being removed from the father's home pending the hearing on the father's motion to modify.

On July 24, 1985, Appellant filed her motion to dismiss and to vacate the ex parte order, on the grounds that the Court lacked subject matter jurisdiction. Appellant argued that the State of Texas was the "home state" of the children, and any exercise of jurisdiction by the District Court of Garvin County was contrary to the provisions of Title 10 O.S.1981, § 1602 (Uniform Child Custody Jurisdiction Act). Appellant's motion to dismiss was overruled by the trial court. After a hearing, the trial court overruled Appellee's motion to modify custody, but did modify the visitation rights, and required Appellant to post a performance bond. From that portion of the trial court's order overruling her motion to dismiss, Appellant has timely perfected this appeal.

Appellant contends the trial court erred in exercising jurisdiction because the Appellee's motion to modify custody failed to meet the requirements of Title 10 O.S. 1981, § 1611. Appellant argues that Appellee failed to provide the court with the information required by § 1611 and that the failure to comply with that section is jurisdictional. We disagree. Title 10 O.S. 1981, § 1611 requires certain information, by pleading or affidavit, to be given to the court in a custody proceeding. The commissioner's note following the statute in the Uniform Child Custody Jurisdiction Act states:

It is important for the court to receive the information listed and other pertinent facts as early as possible for purposes of determining its jurisdiction, the joinder of additional parties, and the identification of courts in other states which are to be contacted under various provisions of the act.

No Oklahoma decisions have interpreted this statute. The Supreme Court of Georgia in *Gambrell v. Gambrell*, 246 Ga. 516, 272 S.E.2d 70 (1980) has addressed the requirements of their section of the UCCJA. The court stated:

Thus it would appear that although certain pleaded matters may be required under section 74–510 to support the court's jurisdiction of the subject matter, it is obvious that the requirement that a plaintiff plead the substance of those code sections is a procedural one which can be cured by amendment.

We adopt the position of the Georgia Supreme Court, and hold that compliance with Title 10 O.S.1981, § 1611 is not jurisdictional, but merely procedural. Omission of any requirements of § 1611 may be cured by amendment.

Appellant contends the trial court erred in overruling her motion to dismiss, and exercising jurisdiction to hear Appellant's motion to modify custody. At the time Appellee's motion to modify was filed, the Appellant and the two minor children were residents of the State of Texas, and had been since January, 1983. Appellee was a resident of Garvin County, Oklahoma.

Oklahoma was the decree-issuing State, but because of the residence of the children in the State of Texas for more than six months preceding the filing of the motion to modify, the Uniform Child Custody Jurisdiction Act (the Act) was determinative of the district court's subject matter jurisdiction in custody determinations.

Title 10 O.S.1981, § 1604(2) provides:

" 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, *including visitation rights; ...*" (Emphasis added.)

Title 10 O.S.1981, § 1605 (A) provides in part:

A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

1. This State: (a) is the home state of the child at the time of commencement of the proceeding, or (b) had been the child's home state within six months before commencement of the proceeding and a child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person, acting as parent continues to live in this state;

2. It is in the best interest of the child that a court of this state assume jurisdiction because: (a) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (b) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; ...

■ Although the trial court overruled Appellee's motion to modify custody of the minor children, it did modify visitation rights of the parties to the minor children. A modification of visitation rights is a "custody determination" within the meaning of § 1604(2). The trial court acknowledged that "the State of Texas would be the proper form", but found that it had "contacts" sufficient to exercise jurisdiction because of its prior visitation order, and that the children had been brought back to the State of Oklahoma in compliance with that order. This was error.

■ While the intent of the Act is that the original decree state shall have continuing jurisdiction, there are certain circumstances under which that state can and should lose jurisdiction. Jurisdiction can be lost by the erosion of significant connections between the child and the parents and the state in which the original custody decree was entered. *Barden v. Blau,* 712 P.2d 481 (Colo.1986). When either of the two major bases for jurisdiction set forth in § 1605(A) 1 or 2 is lacking in the state which entered the original custody decree, that state will lose jurisdiction unless jurisdiction can be asserted under the limited prerequisites established in § 1605(A) 3 or 4. The record reflects that Texas was the home state of the children at the time Appellee's motion to modify was filed and that the children have significant connections with the State of Texas, not the State of Oklahoma. The record further reflects that § 1605(A)3 and 4 are clearly not applicable to vest the trial court with jurisdiction.

■ Appellee argues that § 1605(D) is sufficient to vest the court with jurisdiction. Section 1605(D) provides:

The controlling criteria for awarding custody by a court of this state shall always be what is in the best interests of the child, other statutory provisions merely being factors which may be considered.

The question of whether jurisdiction exists and the question of who should have custody are two entirely different matters. Section 1605(D) applies only to the latter question, and does not provide an independent ground for jurisdiction. *State ex rel. Murphy v. Boudreau,* 653 P.2d 531 (Okl.1982).

For the reasons stated above, the order of the trial court modifying visitation rights is REVERSED AND REMANDED WITH INSTRUCTIONS to dismiss Appellee's motion to modify.

HANSEN, P.J., and BAILEY, J., concur.