A03A1991. PRITCHETT v. WESLEYAN PENTECOSTAL CHURCH AT HOLLY SPRINGS.

(594 SE2d 750)

ADAMS, Judge.

The Wesleyan Pentecostal Church at Holly Springs filed suit against its former pastor, Keith Pritchett, seeking to recover funds and property belonging to the church. The trial court granted the church's motion for summary judgment on its claims, and Pritchett appeals.

The Wesleyan Pentecostal Church at Holly Springs was formed in 1998, and Pritchett served as its pastor. The church held services in a building owned by Pritchett, but the church members purchased furnishings and materials for the church's use, such as chairs, songbooks and a podium. In October 1998, the Holly Springs church became associated with the Wesleyan Pentecostal Churches, Inc. Pritchett signed the "Wesleyan Pentecostal Church Constitution" reflecting this affiliation on October 11, 1998. The constitution provides that "[n]o part of the net income of this church shall inure to the benefit of any private individual or member." That document also states that all properties of the church are held by the church and are not individually owned.

In the spring of 2001, charges were leveled against Pritchett and his wife in connection with certain statements she was alleged to have made in contravention of Wesleyan Pentecostal policy. Following notice and a hearing on these charges, Pritchett was terminated

as pastor of the Holly Springs church, and the church memberships of both Pritchett and his wife were terminated as of May 4, 2001.

Subsequently, on May 8, 2001, Pritchett withdrew $3,500 from an account held in the name of the Wesleyan Pentecostal Church at Holly Springs. The Holly Springs church filed this lawsuit against Pritchett seeking to recover this sum, as well as other property belonging to the church.

1. Pritchett asserts that the trial court erred in granting summary judgment to the Holly Springs church because the state court lacked jurisdiction over the dispute. He asserts that this is a dispute involving church property rights, and thus that only a court of equity can consider the claims under *Gervin v. Reddick*, 246 Ga. 56, 57 (268 SE2d 657) (1980). In *Gervin*, our Supreme Court stated, "It is well-settled that a court of equity will take jurisdiction over disputes involving churches when property rights are involved and when the suit is brought on behalf of a majority of the congregation." Id. Pritchett asserts that this statement mandates that all cases involving church property must be brought in superior court, which has exclusive equity jurisdiction. Ga. Const., Art. VI, Sec. IV, Par. I; OCGA § 15-7-4 (a) (2). We disagree.

The statement in *Gervin* is a positive restatement of an earlier principle noted by the Supreme Court in *Carden v. LaGrone*, 225 Ga. 365, 371 (3) (169 SE2d 168) (1969). The *Carden* opinion stated that "a court of equity will not interfere with the internal management of a religious society where property rights are not involved." Id. The plaintiffs in both *Gervin* and *Carden* were seeking equitable relief in the form of an injunction. We do not read these cases as establishing exclusive equity jurisdiction over church property disputes.[1] Rather, these cases may be read as asserting that when equitable relief is sought, a court of equity will not interfere in the absence of a property dispute. And we can find no other Georgia appellate opinion holding that church property disputes are exclusively equitable in nature or that a court of equity has exclusive jurisdiction even where no equitable relief is sought.[2]

In this case, the Holly Springs church does not seek equitable relief, but rather seeks a legal remedy to recover church funds and

---

[1] Moreover, we note that the U. S. Supreme Court has recognized that "civil courts" have the general authority to resolve disputes over church property, without restricting such authority to courts of equity, so long as the court does not delve into matters of religious doctrine or practice. *Jones v. Wolf*, 443 U. S. 595, 602 (99 SC 3020, 61 LE2d 775) (1979).

[2] We note that the bylaws of Wesleyan Pentecostal provide that each local church in the association is to elect trustees to manage church property for the use and enjoyment of the local church. But here there is no evidence that any such trustees were elected by the Holly Springs church or that any such trust was created. Accordingly, we do not consider the effect that any trust could have on the jurisdictional issue.

property it contends were converted by Pritchett. Thus, we find that the state court had jurisdiction to resolve these disputes.

2. Pritchett also asserts that the trial court erred in granting the motion for summary judgment because an issue of fact exists as to which of the parties represents the majority of the church. He asserts that the Holly Springs church is congregational, and thus the church property is controlled by a majority of church members. Pritchett asserts that because a dispute exists as to who represents the majority of members, the trial court erred in granting summary judgment to the Holly Springs church.

Georgia law recognizes two basic types of church government, congregational and hierarchical, although some decisions have also recognized a hybrid of these two. *Kidist Mariam Ethiopian Orthodox Tawahedo Church v. Kidist Mariam Ethiopian Orthodox Tawahedo Church*, 219 Ga. App. 470, 473 (1) (465 SE2d 491) (1995). A congregational church is defined as one that is "strictly independent of other ecclesiastical associations, and one that so far as church government is concerned, owes no fealty or obligation to any higher authority." (Citation and punctuation omitted.) *Crumbley v. Solomon*, 243 Ga. 343, 344 (254 SE2d 330) (1979). A hierarchical church, in contrast, is defined as a church "organized as a body with other churches having similar faith and doctrine with a common ruling convocation or ecclesiastical head." (Citation and punctuation omitted.) Id.

Both sides acknowledge that at the time of the dispute involving the Pritchetts, the Holly Springs church was affiliated with Wesleyan Pentecostal. The constitution and bylaws of that organization establish a representative form of church government and express the intent to "avoid the majority rule (unlimited congregationalism). . . ." Each local church elects elders to represent the church at District Assemblies and a General Assembly. The General Assembly serves as the "highest authority of the Wesleyan Pentecostal Churches" with responsibility for deciding controversies and discipline and acting upon any matter pertaining to the "general interest and welfare" of all the local churches.

We conclude that the General Assembly of the Wesleyan Pentecostal churches is a "common ruling convocation" and thus that the Holly Springs church was part of a hierarchical church structure. See *Crumbley v. Solomon*, 243 Ga. at 344. Accordingly, we must employ "neutral principles of law," including state statutes and the relevant organizational constitutions and bylaws of the denomination, in considering the issues raised on summary judgment. Id. at 343.

Here, the Holly Springs church constitution makes clear that the income and property of the church belong to the church and not to any individual. The evidence shows that Pritchett's church membership was terminated on May 4, 2001, in accordance with church pol-

icy and procedure, and he was provided notice of this termination on May 7.[3] Indeed, Pritchett conceded in discovery that he ceased to be affiliated with the Holly Springs church on May 7. Nevertheless, Pritchett withdrew the disputed funds from the church account on May 8, 2001. Pritchett's withdrawal of those funds was in the form of five separate checks he wrote to himself. On that date, Pritchett was neither the pastor nor a member of the Holly Springs church. The trial court correctly found as a matter of law that Pritchett had no right to withdraw those funds and that the monies belong to the Holly Springs church.

Pritchett asserts, however, that following the termination of his church membership, he and a majority of the Holly Springs church members decided to discontinue their affiliation with Wesleyan Pentecostal, and instead to continue meeting as a church under the designation of the "Holly Springs Christian Fellowship." Pritchett presented the affidavits of 12 individuals supporting this contention. In response, the Holly Springs church presented the affidavit of Faulton E. Taylor, a church elder, who stated that the majority of individuals submitting affidavits on Pritchett's behalf were not church members, but merely church "attendees." Taylor's affidavit asserts that a majority of the actual church members had voted to retain their affiliation with Wesleyan Pentecostal. Pritchett contends that this evidence presents an issue of fact as to who represents the Holly Springs church and thus who has a right to control church property.

The Wesleyan Pentecostal constitution provides that affiliation with that organization is voluntary and that a local church may withdraw its affiliation "provided withdrawal is a result of a majority vote of members in a duly called church conference." The constitution further provides that an official of Wesleyan Pentecostal is to be invited to participate in that conference "for the express purpose of presenting a case for continual affiliation." A church conference is a meeting of loyal members of the church, who are required to meet at least quarterly to conduct the church business. The meeting is to be moderated by the church pastor.

A valid withdrawal from Wesleyan Pentecostal, therefore, requires a formal meeting of local church members with the attendance of a Wesleyan Pentecostal official, and a vote of the majority. The affidavits submitted by Pritchett, however, which purport to establish that the Holly Springs church had withdrawn from its association with Wesleyan Pentecostal, do not assert that any formal

---

[3] Courts have no authority to inquire into the decision of the church's tribunal to terminate Pritchett's employment and membership. Rather, we are bound by that decision. *Bledsoe v. Morningside Baptist Church of Atlanta*, 232 Ga. App. 122 (501 SE2d 292) (1998).

meeting ever took place or that any Wesleyan Pentecostal representative was in attendance. And as the Holly Springs church points out, as of May 7, 2001, Pritchett had no affiliation with the church and thus could neither call nor moderate any such meeting. Accordingly, we find that the evidence presented by Pritchett fails to establish that any valid withdrawal from the church could have occurred, and thus the trial court correctly found as a matter of law that the church property belonged to that faction of the Holly Springs church that retained its affiliation with Wesleyan Pentecostal.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 12, 2004.

*Robert M. Dyer & Associates, Samuel J. Rusbridge*, for appellant.
*Bray & Johnson, Matthew J. Hardy*, for appellee.