S04A1712. BOLDEN et al. v. BARTON et al.

(607 SE2d 889)

CARLEY, Justice.

Bethlehem Missionary Baptist Church (BMBC), an unincorporated congregationalist church, does not have any by-laws or a constitution. When a dispute arose among church members regarding who should serve as the pastor, Deacon Robert Barton and others (Appellees) filed suit, seeking declaratory and injunctive relief against Reverend Willie Bolden and his supporters (Appellants). After conducting a hearing, the trial court ordered an election to determine whether Reverend Bolden should continue as the church's pastor. A list of those BMBC members eligible to vote in the election was compiled by the parties based upon criteria established by the trial court. Appellants filed an appeal from the trial court's order, which is directly appealable as the grant of mandatory injunctive relief. OCGA § 5-6-34 (a) (4); *Bruce v. Wallis*, 274 Ga. 529, 532 (1) (556 SE2d 124) (2001).

1. Appellants contend that the trial court lacked jurisdiction to address the dispute. "[T]he jurisdiction of the court to entertain the complaint, as well as the theory upon which relief is sought, are matters dependent upon the main and material allegations of the pleadings." *Owens v. Cobb County*, 230 Ga. 707, 708 (198 SE2d 846) (1973), overruled on other grounds, *Riverhill Community Assn. v. Cobb County Bd. of Commrs.*, 236 Ga. 856, 857 (3) (226 SE2d 54) (1976). With specific regard to church disputes,

> "[a] court of equity will not interfere with the internal affairs of a religious organization, when no property rights are involved; for the reason that civil courts have no jurisdiction of such matters and cannot take jurisdiction of them. . . ." [Cits.]

*Gervin v. Reddick*, 246 Ga. 56, 59 (5) (268 SE2d 657) (1980). Here, the trial court found that "[a] dispute has arisen over control of church property, including the role of the present Pastor, Reverend Willie Bolden, to control the pulpit and give direction regarding church property." However, the allegations of the complaint do not expressly assert the existence of competing claims over church property, but focus instead entirely upon the controversy regarding Reverend Bolden's continued service as pastor. Compare *Holiness Baptist Assn. v. Barber*, 274 Ga. 357 (552 SE2d 90) (2001) (ejectment from church property); *Sanders v. Edwards*, 199 Ga. 266 (34 SE2d 167) (1945) (continued possession of church property by dismissed pastor); *Pritchett v. Wesleyan Pentecostal Church*, 265 Ga. App. 565 (594 SE2d 750) (2004) (suit to recover church funds and property); *Howard v. Johnson*, 264 Ga. App. 660 (592 SE2d 93) (2003) (suit regarding the handling of church funds and property). Thus, the complaint fails to invoke the trial court's jurisdiction over a civil, as opposed to an ecclesiastical, matter.

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15 (b). Notwithstanding the trial court's order, a review of the transcript of the hearing held in this case does not show any evidence to authorize a finding that the dispute over the pastorate directly impacts control over the property of the church. Instead, it appears that Appellees and the trial court have proceeded on the assumption that the disagreement between the factions over Reverend Bolden's status implicitly implicates control over church property and, thus, is sufficient to confer jurisdiction on the judiciary to resolve the controversy. However, an allegation of the existence of a dispute over who should be the pastor, without more, does not confer jurisdiction on the courts to address and rule on the matter. See *Knowles v. White*, 199 Ga. 772, 773 (2) (35 SE2d 451) (1945).

Accordingly, on the record before us, the trial court erred in assuming jurisdiction over the case and in ordering an election, thereby "interfer[ing] with this internal affair of a religious organization. [Cits.]" *Knowles v. White*, supra. See also *Edwards v. Thomas*, 204 Ga. 766 (51 SE2d 855) (1949); *McCluskey v. Rakestraw*, 164 Ga. 30 (137 SE 394) (1927); *Gibson v. Singleton*, 149 Ga. 502 (1) (101 SE 178) (1919).

Appellants did not raise any objection to jurisdiction below, but "[s]ubject matter jurisdiction has a unique attribute. It can *never* be waived." (Emphasis in original.) *McLanahan v. Keith*, 239 Ga. 94, 95 (236 SE2d 52) (1977), overruled on other grounds, *Little v. Walker*,

250 Ga. 854 (301 SE2d 639) (1983). Nevertheless, a pleading deficiency as to subject matter jurisdiction "is a procedural one which can be cured by amendment [which] . . . would relate back to the time of the filing of the original complaint. . . ." *Gambrell v. Gambrell*, 246 Ga. 516, 518 (272 SE2d 70) (1980). Accordingly, we reverse the grant of mandatory injunctive relief because, on the record before us, the trial court lacked subject matter jurisdiction. Once the remittitur is returned to the trial court, however, Appellees will not be foreclosed from filing an amendment to their complaint so as to satisfy the jurisdictional requirement. *Gambrell v. Gambrell*, supra.

2. Remaining enumerations of error are moot.

*Judgment reversed. All the Justices concur, except Benham, J., not participating.*

DECIDED JANUARY 10, 2005.

*Theodore G. Frankel*, for appellants.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. J. Webb*, for appellees.