S07A0419. DEERING v. KEEVER.
(646 SE2d 262)

HINES, Justice.

Lynn Elizabeth Dysart Deering ("Deering") appeals the order of the superior court granting the motion of the propounder of a will to dismiss Deering's filed objection to the will's probate. For the reasons that follow, we reverse.

On July 2, 2004, David Keever ("Keever") filed in the probate court a petition to probate the will of his father, Henry Alexander Keever ("testator"), who died on April 29, 2004. Deering and her brother, Don Alex Dysart, are the children of another son of the testator, Don Alex Keever, who died in 1970; their mother remarried, and in 1977 they were adopted by their stepfather, James Dysart. Deering and her brother were not initially named as heirs in the petition to probate the will. On September 23, 2004, Keever filed an amendment to the petition adding Deering and her brother as heirs for purpose of notice. Deering was served with the amended petition on September 26, 2004. On October 6, 2004, acting pro se, Deering filed an objection to the petition; the only basis of objection articulated was that the will failed to identify either her or other heirs as being disinherited. On October 7, 2004, still pro se, Deering amended

her objection, adding as additional grounds for objection the contended exercise of undue influence over the testator, and his alleged mental incapacity.[1]

At a hearing before the probate court, Keever moved to dismiss Deering's filed objection as amended on the basis that: her initial objection of October 6, 2004 did not specify sufficient legal grounds for the objection to be deemed a caveat; and, as such, it was not a valid caveat under OCGA § 15-9-88; thus, the initial objection essentially did not exist and could not be amended outside the ten-day period provided for under OCGA § 53-11-10 which began to run when Deering was served; the ten-day period expired on October 6, 2004; and, consequently her amendment of October 7, 2004, was ineffective as either a separate caveat or an amendment. The probate court denied the motion, allowed the amended objection to stand, and issued an order admitting the will to probate. Deering appealed this order to the superior court, and Keever filed a motion on September 9, 2005 to dismiss Deering as a party to the proceedings on the ground that her initial objection was not a legally sufficient caveat. On September 12, 2006, the superior court granted this motion and dismissed Deering's pleadings, finding that as the initial objection did not set forth a legally sufficient reason as to why the will should not be admitted to probate, there was thus nothing to amend, and to allow the amendments to stand would be tantamount to allowing the late filing of a caveat.

OCGA § 15-9-88, one of the statutes setting forth procedure in probate courts, reads: "All objections or caveats to an order sought shall be in writing, setting forth the grounds of such caveat." There is no dispute that the failure to specifically name potential heirs who are not devisees under the will is not a valid basis for a caveat. See *Cross v. Stokes*, 275 Ga. 872, 874 (1) (572 SE2d 538) (2002); *SunTrust Bank v. Peterson*, 263 Ga. App. 378, 380, n. 1 (587 SE2d 849) (2003). However, the Code does not require that the legal sufficiency of Deering's objection as amended be assessed on the date the original objection was filed. In fact, OCGA § 15-9-89 states: "The petition and caveat shall be amendable at all times and in every particular." Further, while governance of pleadings in probate courts is set forth in Chapter 11 of Title 53 of the Code, that governance is supplemented by the provisions of the Civil Practice Act. See OCGA §§ 9-11-1, 9-11-8, and 53-11-1; see also *Skelton v. Skelton*, 251 Ga. 631 (308 SE2d 838) (1983); *Bloodworth v. Bloodworth*, 240 Ga. 614 (241 SE2d 827) (1978).

---

[1] After obtaining counsel, Deering filed another amendment to her objection, asserting essentially the same grounds as in her pro se amendment.

Generally, the Civil Practice Act advances "liberality of pleading." *Porquez v. Washington*, 268 Ga. 649, 652 (1) (492 SE2d 665) (1997). OCGA § 9-11-15 is liberally construed in favor of allowing amendments. See *Cheeley v. Henderson*, 261 Ga. 498 (3) (405 SE2d 865) (1991), overruled on other grounds, *Hewett v. Kalish*, 264 Ga. 183 (442 SE2d 233) (1994); *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 539-540 (314 SE2d 903) (1984). Under OCGA § 9-11-15, an amendment to a complaint may raise a new cause of action, see *Cochran v. White*, 269 Ga. App. 182, 184 (2) (603 SE2d 509) (2004), and an amendment to an answer may assert a new defense. See *Gober v. Hosp. Auth. of Gwinnett County*, 191 Ga. App. 498 (1) (382 SE2d 106) (1989). And, "[w]henever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." OCGA § 9-11-15 (c). See *Koncul Enterprises v. Fleet Finance*, 279 Ga. App. 39 (630 SE2d 567) (2006). An amendment relates back to the original pleading even if the original pleading failed to assert facts sufficient to bring the case within the trial court's jurisdiction, or is otherwise insufficient. See *Bolden v. Barton*, 278 Ga. 831 (607 SE2d 889) (2005); *Rojas v. State of Ga.*, 269 Ga. 121 (498 SE2d 735) (1998); *Gambrell v. Gambrell*, 246 Ga. 516, 518 (272 SE2d 70) (1980). It is plain that an amendment to a caveat is permitted even when it is the amendment that sustains the validity of the caveat. See *Churchill v. Neal*, 142 Ga. 352 (4) (82 SE 1065) (1914).

Deering's original pleading put Keever on notice of her objection to the probate of the will. Her amendment the following day to include the grounds of undue influence and mental incapacity was proper under OCGA §§ 9-11-15 and 15-9-89. Accordingly, the trial court erred in dismissing Deering's filed objection as amended.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 11, 2007.

*Allison B. Salter*, for appellant.
*Akin & Tate, William M. Akin, Smith, Price & Wright, S. David Smith, Jr.*, for appellee.